## Hillsboro Cotton Mills v. Mrs. F. A. King.

### Decided June 27, 1908.

**1.—Personal Injuries—Minor—Change of Employment.**

The fact that a mother was willing that her minor son should be employed for the performance of certain duties in a cotton mill did not authorize the employer to change the employment to a more dangerous one without the consent of the parent, and the employer would be liable for damages resulting from such change. A charge to this effect, without submitting to the jury the question whether or not such change of employment by the employer was negligence, considered, and approved.

**2.—Husband and Wife—Action for Injuries to Minor Child.**

A suit for injuries to a minor child should be brought by the father; the mother can not maintain such suit in her own name alone without alleging and proving some exception to the general rule which requires such suits to be brought by the husband during the existence of the marital relation.

**3.—Pleading—Capacity of Plaintiff to Sue—Abatement.**

The plaintiff, a married woman, sued to recover damages for personal injuries to her minor son; she alleged that she was a widow; the defendant filed a general denial, and specially plead that plaintiff was a married woman. Held, that plaintiff was required to show her right to maintain the suit. It was not necessary that defendant should file a plea in abatement, in due order of pleading and under oath.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Morrow & Smithdeal,* for appellant.—The question as to whether or not it was negligence for the appellant to cause Coleman King to work around a machine that was more dangerous for him than the machine

with which he was originally employed to work was a question to be determined by the jury, and it was error for the court to instruct them to find a verdict for appellee if they found such to be the facts, irrespective of the question as to whether it was negligence or not. Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 55, 56; Dillingham v. Parker, 80 Texas, 572; Galveston, H. & S. A. Ry. Co. v. Michalke, 90 Texas, 276; Texas & Pac. Ry. Co. v. Murphy, 46 Texas, 356; Galveston, H. & S. A. Ry. Co. v. Profert, 72 Texas, 351; International & G. N. Ry. Co. v. Dyer, 76 Texas, 160.

Appellant having filed a plea in abatement alleging that appellee is a married woman, and not joined by her husband in this suit, and the evidence of appellee showing conclusively that she married one J. C. Joyce, and failing to show that she had ever been divorced from the said Joyce, the jury should have been instructed that appellee could not maintain this suit. Speer on Married Women, sec. 287; Murphy v. Coffey, 33 Texas, 508; Jackson v. Cross, 36 Texas, 193; Middlebrook v. Zapp, 73 Texas, 29; Loper v. Western Union Telegraph Co., 70 Texas, 689.

*Poindexter & Padelford* and *Collins & Cummings,* for appellee.—The charge of the court set forth in the first assignment of error, when considered in connection with the preceding portion of the fourth paragraph of the main charge, is not subject to the criticism that it instructs the jury to find for appellee if they believe certain facts, regardless of whether the jury believed the appellant guilty of negligence or not. Gulf, C. & S. F. Ry. Co. v. Lankford, 9 Texas Civ. App., 593.

There was, in fact, no plea in abatement filed by the appellant in this case, for the reason that the alleged plea in abatement was not verified as required by law, and was, therefore, without force or effect. Sayles' Civ. Stats., art. 1265.

The evidence showing that the appellee, at the time of the trial of this cause, was a widow, and that she had not heard from her former husband, Joyce, for more than a year, conferred upon her the right to maintain this suit. Western C. P. & O. Co. v. Anderson, 101 S. W., 1061; Kingsley v. Schmicker, 60 S. W., 331; San Antonio & A. P. Ry. Co. v. Gillum, 30 S. W., 697; St. Louis S. W. Ry. Co. v. Griffith, 12 Texas Civ. App., 631; Leeds v. Reed, 36 S. W., 347; Texas & Pac. Ry. Co. v. Fuller, 13 Texas Civ. App., 151; Texas & Pac. Ry. Co. v. Watkins, 26 S. W., 760; Kelley v. Whitmore, 41 Texas, 647.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was filed March 13, 1907, by appellee. In her petition she alleges that she is the mother of Coleman King; that appellant is a corporation, and conducts a cotton milling business. That Coleman King was a child of twelve years of age. That he was employed to work in appellant's cotton mill as a doffer boy, and that after he was employed appellant put him to work at the carding machine, which was a more dangerous business than he was employed in. That appellant failed to warn him of any danger, and that in front of and about the carding machine appellant permitted oil to be on the floor, and that Coleman King stepped in the oil and fell in the machine and was injured. Appellee claimed that appellant was negligent in putting Coleman King to work at a more dangerous business

than that for which he was employed; that it was negligent in failing to warn him, and negligent in permitting the grease to accumulate on the floor, and was negligent in failing to direct Coleman King about the business of stripping the cards, and that, on account of his immature years and lack of experience, he did not know the dangers incident to the new employment.

Appellant, after the general denial, claimed in its pleading that, if the appellee's son was injured, that appellee applied to it for employment for her son; that she was experienced in the use of the machinery, and knew what he was engaged in doing, and that if the employment was dangerous she was guilty of contributory negligence. It further alleged that Coleman King was a bright and intelligent boy and fully understood the machinery and any danger incident to its operation; that the accident was due to one of the risks assumed by him, and plead contributory negligence on the part of Coleman King.

Appellant filed a plea alleging that appellee was a married woman, and not joined by her husband in the suit. A trial resulted in a verdict and judgment in favor of appellee in the sum of $1,400. Appellant's motion for new trial having been overruled by the court, it perfected an appeal to this court.

*Opinion.*—The first assignment of error assails as error that portion of the fourth paragraph of the main charge reading as follows: "Or if you believe that, without the consent of the plaintiff herein, the said Coleman King was caused by the defendant to work around a machine that was more dangerous for him, the said Coleman King, to work with and around than the machine with which he was originally employed to work, and that he was injured as alleged, and that said change from one machine to the other, if any, was the proximate cause of the injuries complained of, and that his capacity to earn money during his minority has been diminished, and that the said Coleman King was a minor, and the son of plaintiff, and that the defendant knew that he was a minor, you will return a verdict in favor of the plaintiff, unless you find for the defendant under instructions hereinafter given you or under the instruction given you in some special charge."

Appellant presents two propositions challenging the correctness of this charge, in effect that, whether or not it was negligence for the appellant to cause Coleman King to work around a machine that was more dangerous for him than the machine with which he was originally employed to work, was a question to be determined by the jury, and that there being no law which prohibited appellant from causing said Coleman King to work at a more dangerous machine than the machine he was employed to work with, it was error for the court to tell the jury that, if he was put to work at a more dangerous machine, they were to find for the appellee without also submitting to the jury the question as to whether or not such act on appellant's part was negligence.. We do not agree to these propositions.

One of the grounds on which appellee relied for a recovery was that Coleman King, her son, was employed to work at the spinning frame or as a doffer boy, and was transferred to the carding machine in another and different character of work, and a more dangerous work. There was

evidence that the carding machine was a more dangerous machine than the spinning frame. If Coleman King was employed by appellant as a doffer boy with the consent of his mother, appellee herein, and the appellant, knowing that he was a minor, changed his work and put him to work around a carding machine, and such change was made without the knowledge or consent of appellee, and to work around the carding machine was more dangerous than his work as doffer boy, and if, while so working, he was injured as the proximate result of such change, and his capacity to earn money during his minority by reason of such injury was diminished, appellee was entitled to recover. Texas & Pac. Ry. v. Brick, 83 Texas, 526; Texas & Pac. Ry. v. Hervey, 89 S. W., 1095. The fact that appellee was willing that her son should perform the duties of doffer boy did not authorize the appellant to change his employment and put him at work, without her consent, around a more dangerous machine. The charge was correct.

The second assignment of error complains of the court's action in refusing a special charge requested by appellant, substantially as follows: You are instructed that it appears from the undisputed evidence that plaintiff was married to one J. C. Joyce before this suit was instituted, and that said Joyce is still living, and there being no evidence before you that the said marriage has ever been dissolved, you are instructed that the plaintiff has no right to maintain this suit, and to find a verdict for the defendants, and so say.

The defendant plead that plaintiff was a married woman, and that she had no right to maintain the suit without joining her husband. The appellee contends that this plea attacks the legal capacity of plaintiff to maintain the suit, and should have been sworn to and filed in due order of pleading. We do not agree to this contention. Plaintiff alleged that she was a widow. The defendant filed a general denial, and specially alleged that plaintiff was a married woman. The plaintiff was required to show her right to maintain the suit. Under the law, if plaintiff was a married woman, she could not maintain the suit in her own name. The damages sought to be recovered would constitute community estate of herself and husband. The statute gives the husband, during marriage, the sole management of the community property, and he alone is ordinarily the only person authorized to sue for it. Speer on Married Women, sec. 287; Murphy v. Coffey, 33 Texas, 508; Middlebrook v. Zapp, 73 Texas, 29; Loper v. Western Union Tel. Co., 70 Texas, 689; Vaughn v. St. Louis S. W. Ry., 34 Texas Civ. App., 445. There was no pleading by plaintiff that she had been abandoned by her husband, Joyce, and left without means of support, or any allegation bringing her within the exception to the general rule above announced. Leeds v. Reed, 36 S. W., 347; Ezell v. Dodson, 60 Texas, 331. There was evidence that plaintiff married J. C. Joyce in 1904, and there was no evidence that he was dead or that the marriage relation had been dissolved. Plaintiff testified Joyce was living in Hill County the last time she saw him, which was two years before the trial. Under the pleading and evidence it was error to refuse the charge requested. The judgment is reversed and the cause remanded.

*Reversed and remanded.*