SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. COFFEY. (No. 1312.)

(Court of Civil Appeals of Texas. Texarkana. May 8, 1914. Rehearing Denied May 21, 1914.)

1. PARENT AND CHILD (§ 7*)—ACTIONS FOR LOSS OF SERVICES—DEFENSES.

Where a father consented to the employment of his minor child for one kind of work, the employer, changing the employment without the consent of the father to more dangerous kind of work was responsible to the father for loss of the services of the child and expenses incurred following directly from the changed employment.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 72, 86–99; Dec. Dig. § 7.*]

2. PARENT AND CHILD (§ 7*)—ACTIONS FOR LOSS OF SERVICES—DEFENSES.

In an action by a father for damages for injuries to his minor son while an employé of defendant, evidence *held* to show that the father consenting to the employment by defendant of the child, did not consent to a change of work ordered by defendant.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 72, 86–99; Dec. Dig. § 7.*]

Appeal from District Court, Collin County; F. E. Wilcox, Judge.

Action by W. D. Coffey against the Southwestern Telegraph & Telephone Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The suit was brought by the father to recover in his own right damages for injuries sustained by his minor son. Ross Coffey, the son of appellee, at the time of the suit was a minor 17 years of age. On March 12, 1912, and for a long time prior thereto, Ross Coffey, with his father's knowledge and consent, was in the employ of appellant as a messenger boy. On March 12, 1912, the local manager of appellant company, empowered by the company to hire and discharge employés, and knowing the minority of Ross Coffey and of his employment as a messenger boy, entered into a contract with Ross Coffey to assist in the outside construction work of the company, such as stringing wires and installing poles. This employment of the minor was without the knowledge or consent of his father, and was work of a more hazardous nature than the regular employment as a messenger boy. On March 13th, the next day after the employment, while engaged in assisting to erect a telephone pole, Ross Coffey was grievously injured by the pole falling upon him. These findings of fact are warranted by the evidence, as well as the amount of damages awarded by the verdict of the jury. The petition pleaded, among other things, the employment by appellant of the minor to do the work of a messenger boy with the consent of the father, and the performance by the minor by contract with appellant, without the knowledge or consent of the father, of other and more dangerous kind of work. Appellant pleaded denial, accident, contributory negligence, assumed risk, and injury resulting from the negligence of a fellow servant.

A. P. Wozencraft, W. S. Bramlett, and D. A. Frank, all of Dallas, and G. R. Smith, of McKinney, for appellant. R. C. Merritt and H. C. Miller, both of McKinney, and R. L. Moulden, of Farmersville, for appellee.

LEVY, J. (after stating the facts as above). The court charged the jury that "the undisputed evidence in this case as set forth above entitles the plaintiff to a verdict as a matter of law, and you will therefore return a verdict in favor of plaintiff for such actual damages, if any, as you may find he has sustained by reason of said injuries of said Ross Coffey received as above stated," and then follow instructions respecting the measure of damages. The evidence "as set

forth above" in the court's charge, and on which the verdict was being directed, was that it appears that Ross Coffey, 17 years old, was employed with the consent of the father as messenger boy, and that on March 12, 1912, without the father's knowledge or consent thereto, the boy was specially hired by appellant's authorized agent, who knew the boy was a minor, to assist in the performance of outside construction work, such as stringing wires and setting poles, which was another and more dangerous kind of work than the father had agreed the boy should do and perform, and was injured while attempting to do such work on March 13, 1912.

[1, 2] The first and second assignments predicate error upon giving the charge quoted, upon the ground that there was sufficient evidence to raise an issue of fact of whether or not the father knew that his son was engaged in the particular work he was doing at the time of injury. It is the general rule that where the parent consents to the employment of his minor child to do a certain kind of work, and the employer changes the employment, without the consent of the parent, to the performance of another and more dangerous kind of work, the employer is responsible to the parent for the consequences, resulting in loss of the services of the minor and expenses to the parent, following directly from such employment. Ry. Co. v. Fort, 17 Wall. 553, 21 L. Ed. 739; Ry. Co. v. Redeker, 75 Tex. 310, 12 S. W. 855, 16 Am. St. Rep. 887; Ry. Co. v. Wood (Tex. Civ. App.) 24 S. W. 569; Cotton Mills v. King, 51 Tex. Civ. App. 518, 112 S. W. 132; Marbury Lbr. Co. v. Westbrook, 121 Ala. 179, 25 South. 914; Braswell v. Oil Mill Co., 7 Ga. App. 167, 66 S. E. 539. Applying this rule to the evidence in this case, which conclusively supports the charge, the court properly, we think, gave the peremptory instruction. There is not, as we find, the slightest proof tending to show consent on the part of the father to the change of work in evidence. According to the facts, the boy was put to the changed work of outside construction, admittedly more hazardous than the work of a messenger boy, on the 12th day of March, and injured in such changed work on the following morning. Appellant's manager admitted that he did not consult the father about the extra work before putting the boy to doing such work. And the father testified that he knew nothing about the boy's being put to construction work outside of his duties as messenger boy. The boy testified that he did not tell his father about it. While there is evidence that on the first day of the changed work the boy assisted in putting a telephone in the father's house, there is further evidence showing that the father did not know that his son assisted in the work In order to be an acquiescence in the change of employment, there must be knowledge on the part of the father that the change was made. As said in the Redeker Case, supra, "plaintiff was not required to give defendant notice that his son was not permitted to serve as a brakeman." The evidence conclusively shows that there was no actual consent or acquiescence on the part of the father to the change of work, and the assignments are overruled.

We have fully considered the remaining assignments, and think they should be overruled.

The judgment is affirmed.