

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 23, 1958

Hon. J. M. Falkner, Commissioner     Opinion No. WW-42
State Banking Department
Capital National Bank Building     Re: Classification of real
Austin, Texas                        estate held by a State
                                    bank for the purpose
Dear Mr. Falkner:                     of a future home.

         In your letter you have submitted your request for
opinion as follows:

         "Article 342-501, Vernon's 1943 Statutes,
permits banks with certain limitations to own
their own domicile. Art. 342-502, Vernon's
1943 Statutes, sets out the manner in which a
bank may acquire real estate other than its
domicile. In many instances where a bank has
never owned its own home, it has acquired real
estate for that purpose designating the property
as its future domicile. In many instances where
a bank has never owned its own home, it has ac-
quired real estate for that purpose designating
the property as its future domicile. In many
instances much time has elapsed before the prop-
erty could be put in condition to be occupied
by the bank as its permanent home. In these in-
stances this department has always construed such
real estate and classified it as 'Other Real
Estate' with the requirement that it be depre-
ciated each year 10% in accordance with the
provisions of Art. 342-502 until such time as
it has been placed in condition or improved and
actually occupied by the bank as its domicile.

         "The question we would like for you to
answer is: 'Have we placed the proper construc-
tion on the meaning of the statute?'"

         Article 342-501, Vernon's Annotated Civil Statutes,
provides as follows:

         "No state bank shall, without prior written
consent of the Commissioner, invest an amount in

excess of fifty per cent (50%) of its capital and certified surplus in a domicile (including land and building) nor an amount in excess of fifteen per cent (15%) of its capital and certified surplus in its furniture and fixtures. Such domicile shall be depreciated each year not less than two and one-half per cent (2½%) of its cost to the bank until such domicile is charged down to twenty-five per cent (25%) of its cost, and the furniture and fixtures shall be depreciated each year not less than ten per cent (10%) of their cost to the bank until said account is charged down to One Dollar ($1), provided that the Commissioner may permit a lesser percentage to be charged off during any year."

Article 342-502, Vernon's Annotated Civil Statutes, provides as follows:

"No state bank shall acquire real estate, other than its domicile, except in satisfaction or partial satisfaction of indebtedness, or in the ordinary course of the collection of loans and other obligations owing the bank. No state bank shall assign an original book value to such real estate in excess of its reasonable value at the time of acquisition and such real estate shall be depreciated each year ten per cent (10%) of such original book value until charged down to twenty-five per cent (25%) of its original book value; provided that the Commissioner may permit a lesser percentage to be depreciated during any year."

The word "domicile" is defined by Webster's International Dictionary as follows:

"A place of residence, either of an individual or a family; a dwelling place; an abode; a home or habitation.

"Law - A residence at a particular place accompanied with an intention to remain there for an unlimited time; a residence accepted as a final abode; a home so considered in law. Under modern civilized systems, a person's civil status is determined by his domicile."

Evidently you have construed "domicile" as used in Article 342-501 to mean a present, fixed and permanent home. It is true that "domicile" as used in various statutes requires "residence" in a place with the intent to make it a fixed and permanent home. Pecos & N. T. Ry. Co. v. Thompson, 167 S.W. 801 (Tex.Sup.Ct.), and that mere intent to make a particular place one's "residence" is insufficient to establish "domicile". Brown v. Hows, 42 S.W. 2d 210, 163 Tenn. 178.

It is an elementary rule in construing statutes that the context in which a word is used should be considered in arriving at the meaning intended by the Legislature. If the word "domicile" as used in Article 342-501, means an occupied "place of residence" then a state bank, even with the prior written consent of the Commissioner, could not invest any of its funds in lands and buildings to be used as its banking home. The bank would have to first move into the building and make it its "domicile" or banking home and then and then only would it have the statutory authority to invest its funds in acquiring it. We are therefore forced to the conclusion that the word "domicile" as used in the statute in question means "a dwelling place" and includes lands and buildings or lands upon which a building is to constructed to be used as a future home of the bank.

## S U M M A R Y

The word "domicile" as used in Article 342-501, V.C.S., means "a dwelling place" and includes lands and buildings or lands upon which a building is to be constructed to be used as a future home of the bank.

WVG:gs

Yours very truly,

APPROVED:

WILL WILSON
Attorney General of Texas

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

B. H. Timmins, Jr.

W. V. Geppert
Assistant

Mrs. Mary K. Wall

J. Milton Richardson