**Arlos M. McCLINTOCK, Appellant,**

v.

**TRAVELERS INSURANCE COMPANY, Appellee.**

**No. 7477.**

Court of Civil Appeals of Texas.

Amarillo.

June 21, 1965.

Rehearing Denied Sept. 7, 1965.

Warren Burnett and Robert D. Pue, Odessa, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

CHAPMAN, Justice.

This is a workman's compensation case tried to a jury.

Appellant, Arlos M. McClintock, was the claimant and Travelers Insurance Company the defendant. Claimant was the only witness used in the trial. He pleaded and testified to an injury to himself on October 14, 1963, while an employee of Ogden Sand Blasting and Paint Service in Yoakum County which resulted in total and permanent disability and that if he was suffering from any disease or infection prior to the time he received such accidental injuries, then such injuries received on October 14, 1963, aggravated or incited such prior condition and contributed to his disability. As we understand the record appellant was standing with both feet on the narrow tongue of a sand blasting machine in the process of lifting a bag of sand up over an air compressor tank and up over his head in a position requiring him to twist his body when the alleged injury to his back occurred.

Among the issues submitted was "Special Issue No. 2" inquiring if claimant sustained an injury on or about October 12, 1963. To such question the jury answered "No," so it was unnecessary for them to answer the questions following. He had been paid weekly compensation for several weeks, which was discontinued when he employed an attorney.

The case is before us upon two points. The first point urges reversible error of the trial court in admitting over timely and proper objections, specific actions of prior misconduct of the claimant not involving offenses upon which he was charged or convicted of felonies, or misdemeanors involving moral turpitude.

The second and only other point asserts error of the court in overruling appellant's "Objection to argument by counsel for appellee wherein, having earlier abused appellant as a 'professional claimant' to which objection had been sustained, he re-opened

the abuse and revived the prejudice of the earlier impropriety."

In our opinion counsel for appellee flagrantly violated well-settled rules that have been pronounced by our Supreme Court for a proper trial of a case of this nature and did so in such manner as to amount to such a denial of appellant's rights as was reasonably calculated to cause, and probably did cause the rendition of an improper judgment. The trial court permitted some of such conduct without properly instructing the jury not to consider it.

During the voir dire examination of the jury panel a motion in limine was made to the court to instruct appellee's counsel not to refer to, elude to or mention in any way, form or fashion or question the panel with regard to any specific instance of misconduct unless it involved a felony or a misdemeanor involving moral turpitude; not to mention any prior lawsuits or settlement amounts or offer of settlements without first laying a predicate of contribution, for the reason that claimant had admitted in his deposition each of his prior injuries and not to mention the petition filed in the one lawsuit that had previously been filed for him without first approaching the bench to determine the admissibility for impeachment purposes; not to refer to the fact that claimant had drawn unemployment compensation "at a period more than remote from this time for the reason that the collateral source of benefit have no bearing on any issue in this lawsuit and may not be used by the defendant to mitigate his damages;" and that the court not allow defendant to refer to the fact that claimant had been married six times.

■ The court granted the motion with the exception that appellee's counsel might ask the jury panel if they knew the six women, the court stating: "He has already asked about a bunch of them." The record shows at that period in the trial he had only asked the panel if they knew Pauline Hotsintillor and Stella Cole. However, there is nothing for us to pass upon concerning the questions by appellant's counsel with respect to claimant having been married six times. The error was not raised in his motion for new trial nor has any point been brought forward asserting the error. Rule 374, Vernon's Ann. Texas Rules. There are other numerous errors in the record which we believe require a reversal.

Despite the court's ruling on the in limine motion, counsel for appellee continued to pursue a course of questions which had absolutely nothing to do with the issues to be resolved by the jury. He even went back approximately thirty-five years to ask about a fistfight appellant had when he was in his teens. He then asked him about a fight in Odessa in 1960 which fails to show any producing cause of the injury testified about and which counsel must have known had nothing to do with the issues that would be submitted to the jury. Counsel magnified these errors by then asking him at Page 109 of the Statement of Facts about a D. W. I. charge that is not shown in the record to be a felony. After proper objections and a statement by the court that, "I don't believe that has any place in here," counsel then asked the claimant on Page 111 of the Statement of Facts if he was not confined in jail there in Andrews. His counsel took exception to that line of testimony and the court, after having previously granted the in limine hearing then permitted appellee's counsel, as shown at Page 112 of the Statement of Facts, to inquire of claimant if he had not pled guilty and paid a fine of $50.00 and been assessed thirty days in jail in 1963. He then asked him again about a knife-fight in 1960, which claimant testified was many years ago rather than 1960, then counsel went right on and asked him again if he had a fist-fight in 1960 in Odessa which the court overruled by simply stating to claimant's counsel that he could have his bill.

■ We believe the recent case of Compton v. Jay, Tex., 389 S.W.2d 639, is decisive of the questions here under dis-

cussion. There the trial court and Court of Civil Appeals were reversed for permitting the proof of prior felony convictions for driving a motor vehicle while intoxicated. The instant case furnishes much stronger reasons for reversal than Compton v. Jay, supra, because none of the numerous offenses proved against the claimant here constituted a felony of any sort and none of them constituted misdemeanors involving moral turpitude. Even the dissenting opinion there disagreed with the majority only because they held felonies not going to moral turpitude were not admissible for the purpose of impeachment.

■ There are still other reversible errors in addition to those mentioned above. Numerous injuries from as far back as thirty-five years were admitted in the evidence despite the in limine motion and previously stated ruling thereon. Whether the minor injuries were received in fist-fights or in the course of appellant's employment for other companies, many of them could have had nothing to do with the injury for which recovery was sought in the instant case. As an example of the extremes to which counsel was permitted to make such proofs he even proved an automobile wreck in which claimant was involved when sixteen years of age, which he testified resulted only in some bruises. He then was permitted to prove his right foot was broken in 1951 while working for Bob Williamson and the ligamants torn in the same foot in 1963.

Our Supreme Court has also recently held:

"The only reason evidence of other injuries is admissible at all in a compensation case is that it might have some bearing on the question of whether the injury sued on is the producing cause of any incapacity claimed." Hartford Accident And Indemnity Co. v. McCardell, Tex., 369 S.W.2d 331.

The record, as heretofore stated, does not show such injuries were a producing cause of the injury appellant claimed here.

■ All these errors were then magnified by counsel arguing to the jury that appellant was a "professional claimant." Though the court on this occasion instructed the jury not to consider the argument, they surely must have been so prejudiced against him from previous misconduct of counsel that it would have been difficult for them not to consider such argument.

To permit this case to stand would be to invite errors even more grievous, if possible, having nothing whatever to do with the merits of the case.

The judgment of the trial court is reversed and remanded for a new trial.