Harold F. SMITH, Appellant,

v.

FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellee.

No. 14663.

Court of Civil Appeals of Texas.

Houston.

Jan. 13, 1966.

Eastup & Kroll, Gordon J. Kroll, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, James B. Sales, Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellant, Harold F. Smith, to recover compensation benefits from appellee as the result of an injury sustained by him when he fell from a scaffold while engaged in putting aluminum siding on a house in Huntsville, Texas. Appellant alleged that at the time of such injury he was working in the course of his employment for Texas American Builders, a subscriber to the Workmen's Compensation Law of Texas. Appellee specifically pled that appellant was not an employee of Texas American Builders but was an employee of one Robert Dohone, an independent contractor. At the close of appellant's evidence, the trial court granted the motion of appellee for an instructed verdict and entered judgment in its favor.

A careful reading of the statement of facts discloses that the substantial facts are undisputed. The evidence shows that Texas American Builders had a contract with the owners of a home in Huntsville for the remodeling thereof. At the time of appellant's injury he was working on such job as an assistant of Dohone. Dohone had been engaged in the work of placing aluminum siding on buildings for a number of years. His work required skill and competency which he utilized in making judgment decisions in connection therewith. He had

contracted jobs with Texas American Builders over a period of four or five years, during which time he had also contracted jobs with other builders, upon the same basis that he worked in the instant case. He furnished his own electric saws, hammers and all tools which he or his helper used in connection with putting aluminum siding on buildings.

Texas American Builders furnished only the materials which Dohone used on the job. Dohone was paid on a completed job basis, the contract price being predetermined by the number of squares of aluminum the building would require. He also received 10 cents per mile for use of his motor vehicle from Houston to Huntsville and return. Out of the amount which he was paid he would have to pay any helper assisting him on the job. There was no requirement by Texas American Builders that he have a helper, but it was generally understood that he would need one.

Dohone had no agreement with the Scarboroughs, who owned the house in question, and he had no written contract with Texas American Builders. Texas American Builders paid Dohone by check. They did not withhold from the job price any sums for social security or income tax. In no instance were there any deductions from the agreed predetermined contract price. When he started on a job he was paid no more or less than the job price, no matter how long or short a period he took to complete the work. It was strictly up to Dohone to determine whether he would use a helper. If he did get a helper, he would agree with such helper on the amount he would pay him. Texas American Builders did not pay such helper, nor did it carry either Dohone or such helper on its payroll. Dohone had the right to hire and fire the helper whom he employed without consulting Texas American Builders.

The evidence shows that Dohone could decide when he would go to work and when he would quit, although sometimes representatives of Texas American Builders would tell him to go ahead and get the job done when some customer was pushing to have the work completed. Representatives of Texas American Builders appeared on the job several times for short periods, but the only thing they did was to check on the progress of the work, and see if the plans were being followed. Dohone testified that the only right said parties had on the job was to tell him to follow the work orders, and that he himself decided all the details in connection with the work, and that Texas American Builders had no right except as to the results.

With respect to the employment of appellant Smith, Dohone testified that he went by and got Smith and picked him up and took him on the job, agreeing to pay him $2.00 per hour, as best he recalled. He also testified that the Texas American Builders had the right to discharge him and appellant and could pull him off of the job he was doing and send him to some other job, and had the right to direct the way he did his work. There is no evidence that they could discharge Dohone without subjecting themselves to damages. He further testified that appellant was working for him, and that he told appellant what to do, and how to do it; that he exercised such right, and that appellant would look to him for instructions if he needed any, and was obligated to follow the instructions which he gave; that he told appellant how to cut and apply the aluminum; that Mr. Sullivan and Mr. Cope, representatives of Texas American Builders, never assumed to exercise any control over appellant and never gave him any instructions, and never undertook to fire anybody that Dohone had employed. The only contact that appellant ever had with any representative of Texas American Builders was when Dohone introduced appellant to such representative on the job site.

■ We are of the opinion that Dohone was an independent contractor and that appellant was his employee and not the employee of Texas American Builders.

The facts in this case in large measure parallel the facts in Anchor Casualty Company v. Hartsfield, Tex.Sup.1965, 390 S.W. 2d 469. The work by Dohone required special skill and competency, he furnished his own tools, he was doing a particular job according to predetermined plans, he could come to work and leave at times within his discretion, he was paid by the job, he could employ a helper or not do so as he chose, he was not carried on the payroll or on social security and income tax withholding rolls of Texas American Builders. Such facts establish that Dohone was an independent contractor. Pitchfork Land and Cattle Company v. King, 1961, 162 Tex. 331, 346 S.W.2d 598; Industrial Indemnity Exchange v. Southard, 1942, 138 Tex. 531, 160 S.W.2d 905. Moreover, there is no evidence of the exercise by Texas American Builders of control at any time over the details of Dohone's work or the work of appellant. The only evidence of Texas American Builders' right to control more than the end results rests in the testimony of Dohone that Texas American Builders had the right to take Dohone and appellant off the job and to tell appellant what to do and could override any judgment of Dohone or appellant. The undisputed evidence shows, however, that no such right was ever exercised, and that Texas American Builders never assumed any control whatever over the details of Dohone's work or the work of appellant.

In Carter Publications, Inc. v. Davis, 68 S.W.2d 640, writ ref., the court recognized the highly important evidential element of actual exercise of control in establishing the employee relationship in cases where the terms of employment are indefinite. The testimony of Dohone that Texas American Builders could have overridden his judgment and could have taken him off the job constitutes no more than a scintilla of evidence of the requisite right of control, especially since no such right was ever exercised on the job in question, nor on any other job which Dohone had contracted with Texas American Builders, nor was such right ever exercised over appellant. We, therefore, hold that the court did not err in granting appellee's motion for instructed verdict and in entering judgment for it.

Judgment affirmed.