**Ernestine HUMBER, Appellant,**

v.

**Claude MORTON, Appellee.**

No. 7705.

Court of Civil Appeals of Texas.

Amarillo.

April 17, 1967.

Rehearing Denied May 15, 1967.

See also Tex.Civ.App., 399 S.W.2d 831.

Jerry Hollingsworth, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellee, Harlow Sprouse, Amarillo, of counsel.

NORTHCUTT, Justice.

Ernestine Humber brought this suit against Claude Morton for damages to a house resulting from fire. Morton had had a house built by some independent contractors. Morton contracted with one Johnny F. Mays, an independent contractor, to plan and build a fireplace in said building. All that Morton did was to show Mays where in the building he wanted the fireplace built and was to determine the color of the face brick to be used. After the house was completed, Morton sold it to Ernestine Humber. After Mrs. Humber had been in possession of the house about four months the fire here in question happened. The suit is based upon the theory that the fire was caused because of a defective fireplace. Hereinafter Mrs. Humber will be referred to as plaintiff and Morton as defendant.

Defendant was sued on alternative theories, plaintiff alleging various acts of negligence on defendant's part in constructing the fireplace in the house which allegedly caused the fire, alleging the doctrine of res ipsa loquitur, alleging an implied warranty of merchantability and fitness for use, which warranty was allegedly breached causing the damage.

Both plaintiff and defendant filed a motion for summary judgment. The trial court sustained the defendant's motion and entered judgment that the plaintiff recover nothing by her suit and that the defendant be discharged from that judgment. The plaintiff perfected this appeal.

■ The defendant had sold the house to the plaintiff. The plaintiff had been in possession of the premises for more than four months before the fire in question. The plaintiff was the person who first

started the fire in the fireplace and defendant never at any time had any management of the fire in the residence and neither did he have any connection with the building of the fireplace. There is nothing in this record to support the theory of res ipsa loquitur as being applicable here. National Hotel Co. v. Motley, 123 S.W.2d 461 (Tex. Civ.App.-Eastland, 1938, writ dism'd, judg. corr.). See also Texas & P. Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S.W. 3 (1910).

The plaintiff does not deny the affidavits of the defendant and Mays showing Mays as an independent contractor building the fireplace and further showing there was no negligence on the part of defendant. The statements made in Smith v. Fireman's Insurance Co. of Newark, N. J., 398 S.W. 2d 435 (Tex.Civ.App-Houston, 1966, no writ) are identical with the record here, as follows:

"The facts in this case in large measure parallel the facts in Anchor Casualty Company v. Hartsfield, Tex.Sup. 1965, 390 S.W.2d 469. The work by Dohone required special skill and competency, he furnished his own tools, he was doing a particular job according to predetermined plans, he could come to work and leave at times within his discretion, he was paid by the job, he could employ a helper or not do so as he chose, he was not carried on the payroll or on social security and income tax withholding rolls of Texas American Builders. Such facts establish that Dohone was an independent contractor. Pitchfork Land and Cattle Company v. King, 1961, 162 Tex. 331, 346 S.W.2d 598; Industrial Indemnity Exchange v. Southard, 1942, 138 Tex. 531, 160 S.W.2d 905."

As to plaintiff's contention as to an implied warranty of merchantability and fitness for use, there is nothing in her deed to even indicate any such waranty. It is stated in Westwood Development Company v. Esponge, .342 S.W.2d 623 (Tex.Civ.App.-San Antonio, 1961, writ ref'd n. r. e.) as follows:

"In view of another trial, we think it well to note that independently of the remedy provided by art. 4004, supra, an action for breach of an alleged implied warranty of the fitness and suitability of real estate conveyed for the purpose intended does not lie unless expressed in the deed of conveyance. Art. 1297, Vernon's Ann.Civ.Stats."

Under the undisputed record herein, we are unable to see any theory that would justify finding of liability on the part of defendant.

Judgment of the trial court is affirmed.