HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant,

v.

Nathan Dale FERGUSON, Appellee.

No. 16847.

Court of Civil Appeals of Texas.

Fort Worth.

June 30, 1967.

Rehearing Denied July 21, 1967.

Garrett & Garrett and Rufus S. Garrett, Jr., Fort Worth, for appellant.

Spurlock & Schattman and Walter E. Steimel, Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

This is a Workmen's Compensation case tried to a jury, which returned a verdict for total and permanent disability. Judgment was entered in accordance with such verdict.

The appeal is predicated upon six points of error. The appellant contends there was no evidence or insufficient evidence in support of the jury's finding of permanent disability; the court erred in permitting into evidence hearsay statements of appellee's doctor and portions of answers to questions in depositions which did not reflect the true answer of the witness; in refusing to permit into evidence the record of a prior Workmen's Compensation case; and in permitting appellee's attorney to read to the jury portions of the pleadings alleging the maximum benefit recoverable.

We have carefully reviewed the entire record in this case and are of the opinion that there is substantial evidence in support of the jury's findings and that same are not against the great weight and preponderance of the evidence.

Appellee was injured on June 21, 1965, at his employer's place of business while lifting a box of plated parts weighing about 140 to 150 pounds.

The accident was witnessed by an officer of the Company, who suggested the appellee seek medical treatment for his complaint of low back pain. On the date of the injury appellee was admitted to All Saints Episcopal Hospital because of the severe pain in his low back. The admitting diagnosis was "broken back". The discharge diagnosis was "spondylolisthesis L-5". Appellee remained in All Saints Episcopal Hospital fourteen days. He was given medication (pills and shots), traction and was fitted with a back brace.

Appellee returned to light work at his employer's place of business. He "did the girl's job" for a short period of time. This resulted in a second hospitalization at Harris Hospital for eleven days. He was discharged therefrom with the recommendation that he be "sent home on physical therapy regime as an outpatient."

After the second hospitalization, the appellee was unable to work. He was given continuous therapy in Dr. McDonald's office at the Fort Worth Bone & Joint Clinic to within one month of trial. He was under Dr. McDonald's care at the time of trial.

He testified that he could not do any manual labor; he was totally disabled; such disability was permanent so far as he knew; and he is in constant pain and even going to the bathroom makes the pain worse. Three other witnesses testified as to the appellee's constant wearing of a back brace, sleeping on the floor and total inactivity since the injury. The appellee had never had any prior back trouble. He had an excellent work record.

■ The appellant argues that since no medical testimony was offered by either party, the only evidence bearing on permanency of injury is the testimony of the appellee and three other witnesses, including his employer, and that none of such evidence or testimony either directly or by inference bears upon the permanency of the injury. There are decisions to the effect that a jury verdict of permanent disability can be upheld upon the testimony of appellee or lay witnesses. Under such decisions the jury may draw the inference of permanent disability from such testimony, even though such may be contrary to expert medical testimony presented by the appellant. In the case at bar there was no expert testimony. There was no testimony offered to the effect that such injury was not permanent.

Many cases hold that in some situations it is not necessary to present physicians as witnesses in order to prove the extent of an injury. Coca Cola Bottling Co. of Fort Worth v. McAlister, 256 S.W.2d 654 (Tex.Civ.App., 1953, no writ hist.); American General Ins. Co. v. Smith, 163 S.W.2d 849 (Tex.Civ.App., 1942, ref.); Texas General Indemnity Company v. Deaton, 380 S.W.2d 719 (Tex.Civ.App., 1964, ref., n. r. e.); Texas Employers' Insurance Ass'n v. Scott, 46 S.W.2d 348 (Tex.Civ. App., 1932, ref.); Texas Employers Insurance Association v. Hoover, 382 S.W.2d 174 (Tex.Civ.App., 1964, ref., n. r. e.); Travelers Insurance Company v. Wade, 373 S.W.2d 881 (Tex.Civ.App., 1963, ref., n. r. e.); Insurance Company of Texas v. Anderson, 272 S.W.2d 772 (Tex.Civ. App., 1954, ref., n. r. e.); Connecticut Indemnity Company v. Henson, 388 S.W. 2d 300 (Tex.Civ.App., 1965, no writ hist.); Fireman's Fund Insurance Company v. Martinez, 387 S.W.2d 443 (Tex.Civ.App., 1965, ref., n. r. e.); 63 Tex.Jur.2d 457, § 429. The record shows this to be such situation.

■ We disagree with appellant's contention relating to the admission of hearsay statements of appellee's doctor and portions of answers to questions in deposition which did not reflect the true answers of the witness. In substance the appellee testified he did as his doctor directed, thus showing compliance with the instructions of his doctor. Even though some of the questions evoked hearsay statements, no prejudice is shown to have resulted therefrom.

■ The appellant's attorney was privileged to read any portion of the deposition he desired subject to proper objection. He made no attempt to do so. The error, if any, complained of was harmless.

■ It was not error to refuse appellant permission to introduce evidence of a prior workmen's compensation claim in which appellee had claimed total and permanent disability.

"The only reason evidence of other injuries is admissible at all in a compensation case is that it might have some bearing on the question of whether the injury sued on is the producing cause of any incapacity claimed." Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331 (Tex.Sup., 1963); 63 Tex.Jur.2d 450, § 425, and authorities cited. See § 426, p. 451, same text.

The prior claim related to hernia and had no relation to the current back injury, nor was the petition in the prior case, under this record, admissible under the exceptions noted in Hartford Accident and Indemnity Co. v. McCardell, supra. See

also McClintock v. Travelers Insurance Co., 393 S.W.2d 421 (Tex.Civ.App., 1965, ref., n. r. e.); Aetna Casualty & Surety Co. v. Depoister, 393 S.W.2d 822 (Tex. Civ.App., 1965, ref., n. r. e.).

■ In any event, the refusal of the court to allow appellant to read into evidence the prior hernia petition, in view of the whole record, was not such an error as was calculated to cause and probably did cause an improper verdict and judgment. Rule 434, Texas Rules of Civil Procedure.

■ In its sixth point appellant contends it was reversible error for appellee to read to the jury that portion of his pleading regarding maximum compensation under the Workmen's Compensation Law.

It is the better practice not to read to the jury those portions of the pleadings with which the jury is not concerned. Texas Employers Ins. Ass'n v. Poe, 152 Tex. 18, 253 S.W.2d 645 (1952); 63 Tex. Jur.2d 639, § 511.

Reading such portion or portions, however, does not, in the absence of a showing of prejudice to the appellant, constitute reversible error. Argonaut Insurance Co. v. Titus, 347 S.W.2d 372 (Tex.Civ. App., 1961, no writ hist.); Texas Employers' Insurance Ass'n v. Logsdon, 278 S.W.2d 893 (Tex.Civ.App., 1954, ref., n. r. e.); Traders & General Insurance Co. v. Smith, 311 S.W.2d 91 (Tex.Civ. App., 1958, ref., n. r. e.); Texas Employers' Insurance Ass'n v. Rubush, 337 S.W.2d 501 (Tex.Civ.App., 1960, ref., n. r. e.); Texas Employers' Insurance Ass'n v. Rigsby, 273 S.W.2d 681 (Tex.Civ.App., 1954, no writ hist.).

We fail to find wherein the reading of the above mentioned pleadings resulted in such prejudice as to warrant a reversal.

All points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.