**Violet L. PARKER et vir, Appellants,**

**v.**

**SELIGMAN & LATZ, INC., Appellees.**

**No. 78.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 8, 1968.

Rehearing Denied June 5, 1968.

David C. DuBose, Houston, for appellants.

Alice Giessel, Henry Giessel, Houston, for appellee.

SAM D. JOHNSON, Justice.

Violet L. Parker and her husband, filed this suit against Seligman & Latz, Inc., for personal injuries suffered by Mrs. Parker in the allegedly improper administration of a permanent wave by an employee of Seligman & Latz. The permanent wave was given by Mr. Garcia, the operator-employee of Seligman & Latz, and it was alleged that Mrs. Parker's hair and scalp were damaged as a result of its improper administration.

The case was presented to a jury on a total of ten special issues. Issues Nos. 1 and 2 inquired as to the primary negligence of the appellee, Seligman & Latz, and were answered by the jury in favor of the Parkers, appellants here. Issues Nos. 6 through 9 referred to the appellee's submission of "assumption of risk" and were also answered in the appellants' favor. Issue No. 10 inquired as to damages suffered by appellants, and the jury found these to be in the sum of $2,000.00. Issues Nos. 3 through 5 inquired as to the "contributory negligence" on the part of the appellant. It is these contributory negligence issues, and the court's action in disregarding a jury finding on one of them, that we are herewith concerned.

In Issue No. 3, the jury found that Mrs. Parker failed to accurately inform Mr. Garcia as to the condition of her hair before the permanent wave treatment began. In Issue No. 4, the jury found that such failure was negligence. In Issue No. 5, however, the jury found that such failure *was not* a proximate cause of the occurrence in question. Nevertheless, the trial court judge disregarded the jury's answer to Special Issue No. 5 and entered a take nothing judgment in favor of the appellee. The court's judgment recited, " * * * the court having heard the motion of the respective parties on August 21, 1967, is of the opinion that the jury's finding in Special Issue No. 5, that plaintiff's failure to accurately inform Mr. Garcia of the condition of her hair was not a proximate cause of the occurrence in question, was totally unsupported in evidence and that proximate cause exists as a matter of law. Accordingly, it is the opinion of the court that judgment should be rendered for the defendant, Seligman & Latz, Inc."

It was undisputed in the record of the trial that Mrs. Parker had had her hair tinted approximately one month prior to

the occurrence in question. Mrs. Parker testified that her hair had been pre-lightened approximately six months prior to the occurrence in question. Key issues were whether or not Mrs. Parker had advised Mr. Garcia of the pre-lightening some six months previously, and if not, whether her failure to do so was negligence. A vital determination was that submitted in the fifth special issue, whether or not her negligence in not informing Mr. Garcia of the pre-lightening was proximate cause of the injuries suffered by Mrs. Parker.

Appellee's position was that had their employee, Mr. Garcia, known of the condition of Mrs. Parker's hair prior to the permanent wave, that he would have used different methods and materials and that Mrs. Parker's failure to tell him, and not his negligence, was the cause of Mrs. Parker's injuries. Appellant took the position that Mrs. Parker's failure to tell Mr. Garcia, if any, had nothing to do with the injuries which she suffered and that it was Mr. Garcia's negligent commissions and omissions that were the cause of her injuries. Appellants' single point of error is that the trial court erred in holding, as a matter of law, that Mrs. Parker's failure to accurately inform Mr. Garcia of the condition of her hair was a proximate cause of the occurrence in question because there was evidence of probative force to support the jury's finding that such failure was not a proximate cause of the occurrence in question. Appellant contends that the statement of facts contain substantial testimony to the effect that such failure was not a proximate cause of Mrs. Parker's injuries and that the true cause was Mr. Garcia's failure to properly administer such permanent wave.

Rule 301 of the Texas Rules of Civil Procedure provides, "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any special issue jury finding that has no support in the evidence."

It is fundamental that, "The jury, not the court, is the fact finding body. The court is never permitted to substitute its findings and conclusions for that of the jury. The jury is the exclusive judge of the facts proved, the credibility of the witnesses and the weight to be given to their testimony." Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792. Here the jury found that appellant failed to inform Mr. Garcia, that such failure to accurately inform him was negligence, but that such failure *was not* a proximate cause of the occurrence. The court has disregarded the last finding.

In a somewhat similar situation, the jury returned a verdict that the defendant was guilty of gross negligence, but the trial court rendered judgment for the defendant after setting aside the jury's findings of gross negligence. The Supreme Court stated, "In reviewing this action of the trial court and its affirmance by the Court of Civil Appeals *we must consider all the testimony in the record from the standpoint most favorable to the* plaintiff. McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442.

"Also, to sustain the action of the trial court in granting judgment non obstante veredicto, it must be determined that there is *no evidence having probative force* upon which the jury could have made the findings relied upon. Whiteman v. Harris, Tex.Civ.App., 123 S.W.2d 699, writ refused; Warren v. Schawe, Tex.Civ.App., 163 S.W.2d 415, writ refused." (Emphasis added.) Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 199. We therefore review the testimony in the light most favorable to the appellants and make inquiry to determine if the record indicates no evidence having probative force so as to justify the trial court's action in disregarding

the jury finding. We believe there is very substantial evidence of probative force to support the jury's finding found in the record.

Mrs. Parker's testimony was that her hair had never been bleached, but only pre-lightened to a strawberry or light red color. Mr. Garcia, in turn, testified that if Mrs. Parker's hair had never been previously bleached, but only pre-lightened to a light red, he would have used the *same product* and would not have taken any special precaution. It is conceded then, from Mr. Garcia's testimony, that even if Mrs. Parker had told him of the pre-lightening to the light red stage, he would have used the same product and would not have taken any extra or special precaution. It follows that Mrs. Parker's failure to tell Mr. Garcia of the pre-lightening was not a proximate cause of the injuries sustained.

In addition, Maxine Fahr, an expert witness, testified that the manner in which Mr. Garcia administered the permanent wave was careless and could have damaged Mrs. Parker's hair even if she had not had her hair previously pre-lightened. She also testified that a prudent operator is careful to question as to prior hair condition. Mr. Garcia's testimony indicates that he did not take a detailed history of Mrs. Parker's hair. Mrs. Fahr further testified that even if she knew that hair had only been tinted, which Mr. Garcia testified that he knew here, that she would not have rolled Mrs. Parker's hair in the solution used, would have checked Mrs. Parker's hair immediately after rolling, would have checked Mrs. Parker's hair within one to three minutes after applying the solution, and would not have left Mrs. Parker unattended. Though Mrs. Parker testified that Mr. Garcia rolled her hair in the solution, Mr. Garcia testified that he did not recall whether he rolled it in the solution or not. Mrs. Parker testified that Mr. Garcia took no test curl, left her unattended for five to seven minutes, that when he returned applied more solution, and that he then left her unattended again for about five minutes more.

Mr. Garcia further testified that after he learned of the pre-lightening he "blotted" Mrs. Parker's hair. Mrs. Fahr testified that blotting does not remove all of the solution and the best way to remove the solution is rinsing. Mr. Garcia testified that he did not rinse. Mr. Garcia also testified that he used beer on Mrs. Parker's hair after he knew that it had been pre-lightened. Mrs. Fahr testified that beer on damaged hair would not be used by a prudent operator and such action would be careless. Mrs. Fahr also testified that the solution used was left on too long even if Mrs. Parker's hair had just been tinted and not pre-lightened.

Viewing all of this testimony in the light most favorable to the appellant, as we must, it cannot be said that there is no evidence having probative force on which the jury made its negative finding in response to special issue number five.

In J. C. Penny Co. v. Holmes, 378 S.W. 2d 105 (reversed on other Grounds, 382 S. W.2d 472), the trial court had *refused* to disregard the jury's findings that the plaintiff's negligence was not a proximate cause. Speaking to this subject the court stated, "We have no authority to disregard these negative findings on proximate cause if there was any evidence to support them or if reasonable minds could differ as to the inferences reasonably to be drawn from the testimony. In either event an issue of fact is raised and the findings of the jury thereon cannot be disturbed by us. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 276; Beniot v. Wilson, 150 Tex. 273, 239 S.W.2d 792." The case at bar presents a situation calling for application of this same rule. This negative finding of the jury on proximate cause should not have been disregarded for there was substantial evidence of probative force in the record supporting such finding.

We have carefully examined appellee's counterpoints of error and they are overruled.

For the reasons stated this cause must be reversed and rendered and judgment given for the appellants in the sum of the damages found by the jury.

Reversed and rendered.