**UNITED STATES FIRE INSURANCE COMPANY, Appellant,**

v.

**Lynn A. HUCKABEE, Appellee.**

**No. 4376.**

Court of Civil Appeals of Texas, Eastland.

Feb. 27, 1970.

Rehearing Denied March 20, 1970.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Mark Smith, Lubbock, for appellee.

WALTER, Justice.

Lynn Alvin Huckabee recovered a judgment for total and permanent incapacity under the Workmen's Compensation Act against United States Fire Insurance Company and the Company has appealed.

The company contends there is no evidence to support the judgment that appellee sustained total and permanent incapacity and that such finding is contrary to the preponderance of the evidence. It also contends that the jury findings that appellee's incapacity was not caused solely by or contributed to by a prior back injury is unsupported by or is contrary to the preponderance of the evidence. It also complains about alleged improper jury argument.

The jury found that appellee sustained an accidental personal injury on or about September 23, 1967 while working for American Equipment and Trailer, Inc., which resulted in total and permanent incapacity; that such incapacity was not caused solely by injuries sustained by appellee at times other than September 23, 1967; that the injury of June 24, 1966 did not contribute to appellee's incapacity.

The record reveals that Huckabee sustained a back injury in June 1966 while working for American Trailer and Equipment Company. He went back to work for the company and was injured again on September 23, 1967. The September 1967 injury is the one here involved. On this occasion he was putting some screws in the floor of a trailer when the head of one of the screws popped off and hit him in the face and when he jerked back "I felt something or seemed to me like I heard something in my back pop. I nearly passed out, I got real dizzy and I think, but I'm not sure, that it was Joe Stroud that kept me from falling off the trailer." He tried to work the next morning but was unable to do so and his boss sent him home and told him to find a doctor. He went to Dr. Lansford, a chiropractor, for treatment. He went back to work in about ten days. "I just finally had to give in and go back to work, had bills to pay and no other income and I just had to go back to work, that's all there was to it." Huckabee testified that he had recovered from the injuries resulting from his first injury of June 1966.

Doctor Lansford's diagnosis of Huckabee's injury was compression of the fifth lumbar disk with some suggestion that the disk might be herniated. "Ultimately, as the case progressed, my diagnosis was changed to indicate more strongly the herniation of that disk."

We find some evidence of probative force to support the verdict that appellee is totally and permanently disabled and such findings are not against the great weight and preponderance of the evidence.

In The Travelers Insurance Company v. Buffington, 400 S.W.2d 800 (Tex.Civ.App. writ ref. n. r. e.) this court said:

"Numerous cases have held, however, that the fact that a claimant continues to work and earn more money after an

injury is not controlling on the question of total and permanent disability, but that it is evidence to be considered with other facts and circumstances before the jury. See Texas Employers' Insurance Association v. Smith, Tex.Civ.App., 374 S.W.2d 287; Texas Employers' Insurance Association v. Cummings, Tex.Civ.App., 364 S.W.2d 255. In Davies v. Texas Employers' Insurance Association (Tex.Com. App.), 29 S.W.2d 987, it is stated as follows:

'* * * In determining the question of total permanent disability, that determination will not be controlled necessarily by the fact that the injured employee has been able, since the injury, to earn money. While the testimony we have stated tends to show that the employee had not suffered a total incapacity for work, as a proximate result of his injuries, it is not of that nature and character which, as a matter of law, has the legal effect to nullify the testimony which tends to show that he had so suffered. The jury exercised its privilege to decide the issue presented from all the facts in evidence adversely to the defendant in error, and, the verdict being supported by substantial testimony, we are compelled to overrule these assignments.' ".

We find no merit in appellant's contention that the findings that Huckabee's incapacity was not caused solely by or contributed to by the prior back injury of June, 1966, is unsupported by the evidence. We have considered the entire record and find that such finding is not contrary to the great weight and preponderance of the evidence.

In his opening argument appellee's attorney made the statement "We're only talking four hundred and one weeks, that's what permanent means." No objection was made to this argument. In his closing argument appellee's attorney said in effect that it is difficult for plaintiff to obtain witnesses working there to come and testify. When this argument was objected to, the court sustained the objection. In his closing

argument appellee's attorney stated: "They won't even pay his medical bills, his doctor bills. That's why his employer was carrying that insurance, to protect this working man. They have taken away Lynn Huckabee's right, he couldn't sue anybody else." Appellant's objection to this argument was overruled. In plaintiff's attorney's closing argument to the jury he stated: "Lynn Huckabee is one weak individual confronted with the massive power of an insurance company that did not pay him." Objection to this argument was sustained. Appellant contends that the combined and cumulative effect of the alleged improper and prejudicial statements made by appellee's attorney was of such harmful nature that it was reasonably calculated to cause, and probably did cause, the rendition of an improper verdict.

In Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596 (1953), the court said:

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case."

In Otis Elevator Company v. Wood, 436 S.W.2d 324 (Sup.Ct., 1968), the court said:

"Improper jury arguments are usually referred to as one of two types: 'curable' or 'incurable'. A jury argument is 'curable' when the harmful effect of the argument can be eliminated by a trial judge's instruction to the jury to disregard what they have just heard. The error is 'cured' and rendered harmless by the instruction. On the other hand, an argument may be so inflammatory that its harmfulness could not be eliminated by an instruction to the jury to disregard it. The prejudicial nature of the argument is so acute that it is 'incurable'.

If the argument is of a 'curable' nature, an objection to it must be promptly made

and an instruction requested or the error is waived. But if the argument is 'incurable', the failure to object does not result in a waiver. * * *"

 The argument was of a curable nature and appellant failed to object to some of the argument and its objection was sustained to some of it and the court over-ruled its objection on one occasion, but no request was made by appellant for an instruction to the jury that they disregard such argument. This is required. Otis Elevator Company v. Wood (supra). We have carefully considered the argument. We do not think the nature of the argument was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.