**Amos GOBERT, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

No. 4594.

Court of Civil Appeals of Texas, Eastland.

Feb. 16, 1973.

Rehearing Denied March 16, 1973.

Bean, Francis, Ford, Francis & Wills, Louis Francis, Dallas, for appellant.

Henderson, Bryant & Wolfe, James E. Henderson, Sherman, for appellee.

BROWN, Justice.

This is a workmen's compensation case. After the jury's verdict awarding Gobert compensation, Texas Employers' Insurance Association requested the trial court to disregard answers to special issues inquiring, first, whether Texas Employers' failed to furnish proper medical care and secondly, if so, how much expense Gobert incurred in obtaining such care. The trial court granted such motion and entered judgment non obstante veredicto. Gobert appeals.

■■ The issue for this court is whether or not there is any evidence having probative force upon which the jury could have made findings to the challenged special issues. Whiteman v. Harris, 123 S.W. 2d 699 (Tex.Civ.App.—Fort Worth 1938, writ ref'd); Cuellar v. Liberty Mutual Insurance Co., 420 S.W.2d 199, (Tex.Civ.App. —El Paso 1967, writ ref'd n. r. e.); Parker v. Seligman & Latz, Inc., 429 S.W.2d 159 (Tex.Civ.App.—Houston 1968, no writ hist.). To make this determination all evidence must be considered in the light most favorable to the plaintiff and every reasonable inference deducible from the evidence is to be indulged in plaintiff's favor. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Pan American Gas Co. v. Lobit, 450 S.W.2d 877 (Tex.Civ.App.— Houston 1969, writ ref'd n. r. e.).

The uncontroverted facts show Gobert received an on-the-job injury Saturday. On reporting to work Monday in pain, he was sent to the company doctor for examination. This doctor did not find a hernia but rather indicated a probable pulled disc. Wednesday, Gobert, feeling worse, sought the aid of his family doctor, with the approval of his employer. The family doctor diagnosed a hernia and lumbar strain. He operated on the hernia and gave heat treatments and medication for the strain. At the time of trial, Texas Employers' had paid part of this doctor's bill. Gobert had not paid the balance of this obligation nor had he received a statement for it.

The Texas Supreme Court in Few v. Charter Oak Fire Insurance Co., 463 S.W. 2d 424 (1971) stated:

"Section 7, Article 8306, Vernon's Tex. Civ.Stats., provides that an employee will not be entitled to recover any amount expended or incurred by him for medical aid 'unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish (medical services) within a reasonable time. * * *'"

■ We agree with the trial court that there is no evidence Texas Employers' refused, failed or neglected to furnish proper medical service to Gobert. Therefore, the issue inquiring as to the expenses, if any, Gobert incurred in furnishing such care is immaterial.

■ Texas Employers' contend by cross-point that it has been willing to pay the judgment from the time it was entered, therefore it should not be obligated to pay interest thereon. We agree with the Dallas Court of Civil Appeals in Molina v. Texas Employers' Insurance Association, 486 S.W.2d 119, where it stated:

"The cross-point does not seek 'to preserve error committed by the trial court,' nor does it attempt or purport to 'bring forward complaints of some ruling or action of the trial court which the appellee alleges constituted error' as to it. Jackson v. Ewton, 411 S.W.2d 715, 717 (Tex.Sup.1967); Rule 420, T.R.C.P. Therefore, nothing is presented for appellate review by this court. Accordingly, the so-called cross-point is dismissed."

The trial court is affirmed.