**CONTINENTAL INSURANCE COMPANY, Appellant,**

v.

**Pat WOLFORD, Appellee.**

**No. 1040.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 9, 1974.

Rehearing Denied Oct. 30, 1974.

**366**

Knox D. Nunnally, Vinson, Elkins, Searls, Connally & Smith, Houston, for appellant.

Robert C. Barnett, Kenneth L. Smith, Houston, for appellee.

TUNKS, Chief Justice.

The principal issue in this workmen's compensation case is whether the appellee, Pat Wolford, was an employee or an independent contractor of Tiffany Homes, Inc. at the time he sustained his alleged disability.

Appellee Wolford was a brickmason who entered into an oral contract with Tiffany Homes, Inc. to lay the bricks at one townhouse site. It was understood between the parties that Wolford would furnish his own helper, as well as his own scaffolding and wheelbarrow, and that Tiffany Homes would supply the bricks, wall ties, and water. The cost of the mortar and sand were deducted from Wolford's wages, which were measured at the rate of 7¢ a brick. Tiffany Homes did not withhold any of Wolford's wages for social security or income tax purposes. On August 19, 1971, after Wolford had worked on the job about a week, he allegedly injured his back in a fall off a scaffold. This suit was brought under the Texas workmen's compensation statutes against appellant Continental Insurance Company, Tiffany Homes' compensation carrier, seeking an award for 400 weeks total disability, medical expenses, and attorney's fees. The case was tried to a jury, which found that Wolford was an employee of Tiffany Homes on August 19, 1971, and that he was totally disabled for 400 weeks. Appellant's objections to the court's charge and its motions for an instructed verdict, for judgment n. o. v., and for a new trial were overruled by the trial judge.

The appellant insurance carrier contends in points of error 1 through 4 that the court below erred in submitting to the jury the question whether Wolford was an employee of Tiffany Homes, because there was no evidence that he was; and, moreover, that the evidence establishes as a matter of law that he was an independent contractor.

The question of the factual sufficiency of the evidence to support the jury's finding that Wolford was Tiffany's employee is not before the Court on this appeal. In deciding the much narrower question of whether there was any evidence to support the trial court's submission of this issue and the jury's finding thereon, this Court must consider "only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary." Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.Sup. 1965); Western Casualty and Surety Company v. Gonzales, 506 S.W.2d 303 (Tex. Civ.App.-Corpus Christi 1974, writ granted); Gobert v. Texas Employers Insurance Association, 491 S.W.2d 495 (Tex.Civ. App.-Eastland 1973, writ ref'd n. r. e.); Century Indemnity Co. v. Carnes, 138 S. W.2d 555, 559 (Tex.Civ.App.-Fort Worth 1940, writ dism'd jdgmt cor.).

The Texas Workmen's Compensation Act, Vernon's Tex.Rev.Civ.Stat.Ann. art. 8306 et seq. (1967), does not provide compensation for independent contractors. Williams v. Texas Employers' Ins. Ass'n, 218 S.W.2d 482 (Tex.Civ.App.-San Antonio 1948, writ ref'd n. r. e.). The claimant has the burden of proving that he is an employee and not an independent contractor. Shannon v. Western Indemnity Co., 257 S.W. 522, 524 (Tex.Com.App.1924, jdgmt adopted). In order to do this, the claimant must show that the one for whom he was performing services had the right to control the details and method by which he worked and not just the end results. Newspapers, Inc. v. Love, 380 S.W.2d 582, 585 (Tex.Sup.1964); Halliburton v. Texas

Indemnity Ins. Co., 147 Tex. 133, 213 S.W. 2d 677, 680 (1948). However, where there is no written contract and the terms of the employment are vague, evidence of the actual exercise of control (or its absence) over the details of the claimant's work by one for whom services were rendered is evidence of the existence of a right to control constituting an employer-employee relationship. Newspapers, Inc. v. Love, *supra*, 380 S.W.2d at 590.

■ There are a number of cases similar to the case at bar where the appellate courts have held that there was no evidence to support a judgment for the claimant. In Anchor Casualty Company v. Hartsfield, 390 S.W.2d 469 (Tex.Sup. 1965), the court upheld the judgment n. o. v. for the insurance company. That case involved a carpenter who was paid by the job to work on three apartments and who set his own hours, furnished his own tools, and worked according to a predetermined plan. He was not listed on the payroll of the general contractor for whom he worked, nor were there any social security or income taxes withheld. The carpenter testified that the general contractor supervised him, but the latter denied this under oath; and there was no other evidence introduced tending to prove an employer-employee relationship. In Shannon v. Western Indemnity Co., *supra*, the Commission of Appeals held that there was no evidence to support the trial court's finding that the claimant was an employee. In that case a general contractor subcontracted the surfacing of the flooring in a bank to Shannon, who brought his own equipment to the job site and was directed to work only on the floor in the board of directors' room. After he had finished this work, he received an electric shock from his surfacing machine. The Commission noted that there was no testimony by Shannon of any control exercised by the contractor over the details of his work, and listed five factors pointing toward an independent contractor status: (1) the claimant's work required a special skill, (2) he could use his own means to accomplish it and hire his own helper, (3) he was to furnish most of the materials and all of the labor, (4) he was to be paid by the job and not by the hour, and (5) he was engaged in an independent calling and could work for others besides the general contractor. *Id.* 257 S. W. at 524–525. In a case which is factually similar to the case at bar, Traders & General Insurance Co. v. Ferris, 312 S.W. 2d 311 (Tex.Civ.App.-Amarillo 1958, writ ref'd), the court followed Shannon, *supra*, and reversed and rendered the trial court's judgment for the claimant. There, the claimant Ferris entered into a contract with a building contractor to lay cement blocks in a building for 20¢ a block. Ferris furnished two helpers and the contractor furnished the materials. All social security and income taxes were paid by Ferris. The only instructions given by the contractor concerned cutting the overhanging corners off the blocks. The court held that Ferris was an independent contractor as a matter of law. In Smith v. Fireman's Insurance Co., 398 S.W.2d 435 (Tex.Civ. App.-Houston 1966, no writ), an instructed verdict for the insurer was upheld. The court held that testimony by a subcontractor that the general contractor had the right to overrule his judgment or take him off the job was a mere " . . . scintilla of evidence of the requisite right of control, especially since no such right was ever exercised . . . over appellant." *Id.* at 437.

On the other hand, there are a number of factually similar cases upholding a judgment for the claimant against a challenge that the evidence was legally insufficient. In Halliburton v. Texas Indemnity Ins. Co., *supra*, the claimant's deceased was hired by a lumber company to load ties onto railroad cars. The Texas Supreme Court upheld the jury's verdict for the claimant despite the facts that the deceased was paid by the piece, set his own hours, furnished his own equipment, and hired his own helper. There was testimony that the lumber company had supervised the loading

procedure and had instructed the deceased in correcting mistakes. *Id.* 213 S.W. at 679–680. In Highway Casualty Company v. Reid, 311 S.W.2d 484 (Tex.Civ.App.-Fort Worth 1958, writ ref'd n. r. e.), the claimant Reid entered into an oral contract to hang sheetrock in a building. His wages were based on the quantity of sheetrock hung, and he furnished his own helper and tools. The general contractor also paid Reid by the hour for certain extra work that he did, but he did not withhold any social security or income taxes. There was uncontroverted testimony by Reid that the contractor had a right to tell him how to hang the sheetrock and how many nails to use. The appellate court affirmed the trial court's judgment for Reid, holding that there was evidence to support the jury's finding that he was an employee. *Id.* at 487. In Bowman v. Traders & General Ins. Co., 208 S.W.2d 420 (Tex.Civ.App.-Austin 1948, writ ref'd n. r. e.), the claimant was a plasterer employed by a subcontractor who sued the general contractor for compensation for an injury sustained while performing a task that the general contractor had directed him to do. There was evidence that the work was done according to the general contractor's instructions and that no plans or specifications were used. The general contractor had the right to fire the subcontractor and Bowman, his helper. The appellate court reversed the trial court's instructed verdict for the defendant and held that these facts raised a jury question whether Bowman was the general contractor's employee. In Southern Underwriters v. Samanie, 137 Tex. 531, 155 S.W.2d 359 (1941, opinion adopted), it was held that the question whether the claimant was an employee was for the jury. He hauled logs for a lumber company to a sawmill in his own truck, and was paid on the basis of the quantity of logs hauled. He bore all the expenses for the upkeep of the truck and set his own hours. There was testimony by the plaintiff and another driver that the lumber company foreman gave them detailed instructions regarding the manner in which

the hauling operation was to be carried out. In a case factually similar to Samanie, Texas Employers' Ins. Ass'n v. Owen, 298 S.W. 542 (Tex.Comm'n App.1927, jdgmt adopted), the Commission of Appeals refused to hold as a matter of law that the claimant was an independent contractor.

■■ In the case at bar, we hold that the evidence was sufficient to support the submission of a special issue on the question of whether Pat Wolford was an employee of Tiffany Homes on August 19, 1971. Unlike Hartsfield, *supra*, appellant put on no evidence to contradict Wolford's testimony under oath that the Tiffany supervisor had the right to direct him in the carrying out of his work and to fire him if the work was done improperly or if he failed to show up when he was directed by Tiffany. In Liberty Mut. Ins. Co. v. Boggs, 66 S.W.2d 787, 792 (Tex.Civ.App.-Eastland 1933, writ dism'd), the court observed that the right to terminate one's employment at any time prior to completion conclusively establishes the right to control and that evidence of the actual exercise of control is, therefore, unnecessary. Moreover, Wolford testified that he would be paid for the number of bricks actually laid if he were unable to complete the entire job. Unlike an independent contractor, Wolford would have had no cause of action for wrongful termination of his employment against Tiffany Homes, and Tiffany Homes would have had no cause of action against Wolford for breach of contract.

Because Wolford's testimony that Tiffany Homes had a *right* to control him in the details of his work was uncontroverted by the appellant, the other facts in the case, which point toward an independent contractor situation, do not require reversal. The facts that Wolford employed his own helper, supplied his own tools, and set his own hours, and that Tiffany Homes paid him by the brick and failed to deduct social security and income taxes from his pay were also found in other cases where

the courts held that evidence of a right to control the details of one's work was sufficient to present a jury issue. *See* Halliburton v. Texas Indemnity Ins. Co., *supra* 213 S.W.2d at 680–681; Highway Casualty Company v. Reid, *supra* at 311 S.W.2d 485–486; Bowman v. Traders & General Ins. Co., *supra* 208 S.W.2d at 421. Appellant's first four points of error are overruled.

By its points of error 5 through 15, appellant contends that there was either no evidence or insufficient evidence to support the court's award of compensation to Wolford for 400 weeks total disability.

On the day that he fell from the scaffold, Wolford was driven by his helper to Hermann Hospital's emergency room, where he was examined, tests were run, and x-rays were made. Tiffany's superintendent had told him that they didn't carry insurance and had given him $25.00 to buy medicine and to pay for a doctor's office visit. Several days later, Wolford returned to the hospital for further tests and x-rays but was not admitted at that time because he had to make provision for the support of his wife and six children and had decided to just "suffer it out" at home. He was in bed a week, and at the conclusion of several weeks he began looking for work. He was able to work sporadically pumping gas and wiping windshields at a service station, riding delivery trucks and assisting in unloading light boxes, and tuning up cars in a wrecking yard by replacing points and spark plugs. Wolford testified on one occasion that he had attempted to return to bricklaying, but that the pain was so severe that he had to quit after several hours. He is currently earning $60.00 a week plus commissions in his job at the wrecking yard. A conservative estimate of his average weekly earnings before August 19, 1971, is $190.00. He has a tenth grade education and has been doing manual labor since he left school.

■ In reviewing only the evidence favorable to the court's award, as we must

on appellant's "no evidence" points, we find that there is some evidence to support the award to Wolford of 400 weeks total disability. Appellant's points of error 5 through 10 are overruled.

■ In reviewing appellant's contention that there is insufficient evidence to support the court's findings, this Court must consider all the evidence, including that which is against the findings. Garza v. Alviar, *supra* 395 S.W.2d at 823; Texas Employers' Insurance Ass'n v. Washington, 437 S.W.2d 340, 347 (Tex.Civ.App.-Dallas 1969, writ ref'd n. r. e.); Texas Employers' Insurance Ass'n v. Hamilton, 430 S. W.2d 285, 288 (Tex.Civ.App.-Fort Worth 1948, writ ref'd n. r. e.). We must reverse only if the jury's findings are " . . . so contrary to the overwhelming weight of the evidence as to be manifestly unjust." Travelers Insurance Company v. Wade, 373 S.W.2d 881, 884 (Tex.Civ.App.-Dallas 1963, writ ref'd n. r. e.). However, " . . . the Workmen's Compensation Act is to be liberally construed in favor of the claimant." *Id.* at 885. Any doubts as to whether the evidence supports the award of compensation must be resolved in favor of the injured workman. Texas Employers' Insurance Association v. Chappell, 486 S.W.2d 818 (Tex.Civ.App.-Corpus Christi 1972), affirmed in part and reversed in part 494 S.W.2d 159 (1973). Where the evidence is alleged to be factually insufficient, this Court is not authorized to substitute its own findings for those of the trial court just because we might have found differently from the jury. Garza v. Alviar, *supra* 395 S.W.2d at 823; Travelers Insurance Company v. Wade, *supra* 373 S.W.2d at 885.

■ Appellant points out the fact that Wolford did not offer evidence as to the specific nature of his injury but merely described his fall from the scaffold and the symptoms he suffered thereafter. But

. . . there is no fixed rule of evidence by which a claimant is required to establish in a compensation case the fact

that he suffered an injury that caused . . . total disability; . . . such disability may be established by testimony of the plaintiff alone . . . ; and . . . the jury is the sole judge of the credibility of witnesses and the weight to be given their testimony in compensation cases. Fireman's Fund Insurance Company v. Martinez, 387 S.W. 2d 443, 445–446 (Tex.Civ.App.-Austin 1965, writ ref'd n. r. e.).

*See* Hartford Accident & Indemnity Co. v. Ferguson, 417 S.W.2d 376, 378 (Tex.Civ. App.-Fort Worth 1967, writ ref'd n. r. e.). Disability may reasonably be inferred from circumstantial evidence. Connecticut Indemnity Company v. Henson, 388 S.W. 2d 300 (Tex.Civ.App.-Houston 1965, no writ); Travelers Insurance Company v. Wade, *supra* 373 S.W.2d at 885. Therefore, the fact that Wolford introduced no expert medical evidence does not mean that the jury finding of 400 weeks total disability is based on insufficient evidence. In fact, in cases where medical evidence was introduced tending to refute a claim of disability, appellate courts have nonetheless affirmed jury findings for the claimant. In Texas Employers' Insurance Ass'n v. Washington, *supra,* the insurer's medical expert testified to the effect that he believed the claimant was malingering. In affirming the trial court's award in favor of the claimant, the appellate court said: " 'The jury had the right to believe all of appellee's testimony and, observing what they could of his physical condition in. the court room, to conclude that he was totally disabled . . . '." *Id.* 437 S.W.2d at 346, *citing* Travelers Insurance Company v. Arnold, 378 S.W.2d 78, 83 (Tex.Civ. App.-Dallas 1964, no writ). *See* Fireman's Fund Insurance Company v. Martinez, *supra* 387 S.W.2d at 447–448; Travelers Insurance Company v. Wade, *supra* 373 S.W.2d at 884–885; State Automobile & Casualty Underwriters v. Reagan, 337 S. W.2d 522, 524 (Tex.Civ.App.-Waco 1960, no writ). In this case, the only evidence before the jury was Wolford's testimony as to his pain and symptoms with no con-

troverting medical evidence offered by the appellant. On such a record, this Court cannot say that the finding of 400 weeks total disability is "so totally against the great weight and preponderance of the evidence as to be manifestly unjust." (Appellant's brief, 19).

Appellant's final major argument that the evidence will not support the court's award is based on the facts that Wolford began looking for work shortly after August 19, 1971, and that he has held several jobs up to the time of trial.

In Texas the law is well settled that an injured employee who is forced by economic necessity to resume working, even though he is not physically able, will not be precluded from recovering compensation for total disability. *See* United States Fire Insurance Company v. Huckabee, 452 S.W.2d 565 (Tex.Civ.App.-Eastland 1970, writ ref'd n. r. e.); Texas Employers Insurance Association v. Dimsdle, 440 S.W.2d 359, 365 (Tex.Civ.App.-Dallas 1969, writ ref'd n. r. e.); Consolidated Underwriters v. Whittaker, 413 S.W.2d 709, 714 (Tex.Civ.App.–Tyler 1967, writ ref'd n. r. e.); Trinity Universal Insurance Company v. Scott, 342 S.W.2d 348 (Tex. Civ.App.-Fort Worth 1961, writ ref'd n. r. e.). The jury was entitled to believe Wolford's testimony that he had to find work in order to support his family. The record is clear, however, that he has not practiced his trade of brickmasonry since August 19, 1971, although it had been his occupation for over ten years. "Total incapacity occurs when a workman is disabled by injury to such extent that he can not procure and retain employment at labor of the class he was performing when injured; the term does not imply absolute inability to perform any kind of labor." Travelers Insurance Company v. Smith, 435 S.W.2d 248 (Tex.Civ.App.-Texarkana 1968, writ dism'd). *See* Connecticut Indemnity Company v. Henson, *supra* 388 S. W.2d at 304. Since the evidence supports the finding that Wolford was totally disabled, the duration of the disability was for

the jury to estimate from all the pertinent facts before it. Employers Reinsurance Corporation v. Jones, 195 S.W.2d 810, 812 (Tex.Civ.App.-Beaumont 1946, writ ref'd n. r. e.).

Appellant's points of error 11–15 are overruled.

Affirmed.