## J. M. MURPHY v. MARTHA E. COFFEY.

1. A suit for the recovery of community property cannot be maintained by a married woman in her own name, her husband being no party to the suit; and this notwithstanding that the property be the homestead.

2. A married woman brought suit in her own name in the district court, alleging that her husband had sold and conveyed their homestead to the defendant, in disregard of her express wishes and protests made at the time to her husband and the defendant; and that her husband refused to institute suit to recover it ; wherefore she prayed leave to prosecute the suit without joining her husband, and that the homestead be adjudged to her. *He'd*, that the suit cannot be maintained by the plaintiff, although, if her allegations be true, her husband might recover the homestead from his vendee, notwithstanding his conveyance.

APPEAL from Hopkins.   Tried below before the Hon. Winston Banks.

The special facts of this case·are not involved in the decision, which is based altogether upon the disability of the plaintiff to maintain the action.

*Moore & Shelley* and *D. B. Culberson,* for the appellant.

No brief for the appellee.

MORRILL, C. J.—This suit was instituted in the district court by a wife to recover community property, being real estate.

The petition states that the husband of the plaintiff conveyed to the defendant the land in controversy, without the consent of the wife, and in defiance of her express wishes ; that the land conveyed is the homestead, and that the husband refuses to institute suit.

The question that meets us, before we are authorized to adjudicate upon the merits of the cause is, can a married woman be a party to a suit relative to community property, in which her husband is not a party, either plaintiff or defendant ?

By the common law of England the husband and wife are one person, and the husband is this person.

Her name, her property and her personal rights were merged in those of her husband.

Even for injuries and outrages inflicted upon the person of the wife, she could not maintain a suit, according to the common law of England.   Her husband, or "lord and master," could do so and recover damages based upon the fact that by the beating and wounding of his wife he had been deprived of her society.

Whatever authority the wife has to bring a suit must therefore emanate from the statutes of this State.

It is provided in Article 4636, that "the husband may sue either alone or jointly with his wife, for the recovery of *any effects*

*of the wife*, and in case he fail or neglect so to do, she may, by the authority of the court, sue for such effects in her name."

This section has reference to, and expressly declares that, the property or effects for which the wife can or may sue in her name are her own effects, not the effects of the husband, or those owned jointly by her husband and herself.

With the exception of the statutes authorizing the wife to sue her husband for divorce, or " to require him to support her from the property she may have," or to " educate her children as her fortune may justify," she is not authorized to institute any other suit. Article 4641, after declaring what shall be the separate property of the wife, closes with the proviso, that " during the marriage, the husband shall have the sole management of all such property."

The petition discloses that the property sued for is community property. If it be the homestead, as alleged, the sale of it by the husband, without the concurrence of the wife, is a nullity, and would not preclude the husband from recovering it as such homestead. (Holloway v. Holloway, 30 Texas, 154.)

Even if the partners in matrimony had the relative rights of mercantile partners, the wife could not sue in her own name for the partnership effects, since the law requires all persons whose interests are to be affected or concluded by a suit, to be parties thereto.

We wish it to be distinctly understood that we make no decision affecting the matter in controversy, as the case now appears, or as it may, in a suit having the proper parties.

All we decide is that the wife cannot institute a suit in her own name, her husband not being a party, to recover community property.

Reversed and dismissed.