### J. J. GALLAGHER V. G. M. BOWIE.

(Case No. 5891.)

1. INJURIES TO THE WIFE—MEASURE OF DAMAGES—COMMUNITY—What is recovered as damages for personal injury to the wife is community property, and generally is recoverable only at the suit of the husband. (Following Ezell v. Dodson, 60 Tex., 331.) The mental suffering of the wife produced by the injury is one of the elements of damage in such cases.

2. CARRIER OF PASSENGERS—AGENTS—NEGLIGENCE—A carrier of passengers by stage must use the utmost care for their safety. It is his duty to employ a competent driver, and he is liable for injuries occasioned by the negligence of the driver.

3. PRACTICE—SPECIAL CHARGE—If a part of the court's charge to the jury needs explanation or qualification, the party objecting should request a special charge upon the defective point.

66  265
86  205

APPEAL from Parker. Tried below before the Hon. R. E. Beckham.

This was an action by appellee, Bowie, to recover damages for personal injuries sustained by his wife. Mrs. Bowie, with her child, was a passenger for hire in the two-horse stage run by appellant, Gallagher, between Weatherford and Graham. At a stopping place on the road the driver left the stage, without fastening the horses, or leaving anyone to hold them. They took fright, and, while running away, Mrs. Bowie jumped from the stage and sustained serious bodily injuries. The trial resulted in a verdict and judgment for appellee for $250.50.

*Harcourt & Ball*, for appellant, on the duty of carriers of passengers, cited: 2 Wait's Acts. and Def., 63, 68, 69. and cases cited; Railway Company v. Underwood, 64 Tex., 469; Albright v. Penn, 14 Tex., 290; Angell on Carriers, sec. 521: Bennet v. Dutton, 10 N. H., 481; 53 Iowa, 278; Shear. & Redf. on Neg., sec. 226; Railway Company

*v.* Murphy, 46 Tex., 356; Railway Company *v.* LeGierse, 51 Tex., 189; Railway Company *v.* Calvin Gorman, Tex. Law Rev., vol. 5, p. 634; W. & W. Con. Rep., sec. 417; Brandon *v.* Mfg. Co., 51 Tex., 121; Hale *v.* Dutant, 39 Tex., 667.

On measure of damage, they cited: 2 Wait's Acts. and Def., 445, and cases there cited; Hyatt *v.* Adams, 16 Mich., 180; 2 Rorer on Railroads, 1093, 1094; Hooper *v.* Haskell, 56 Me., 251; Railway Company *v.* Packer, 9 Bush, 455.

*E. P. Nicholson,* for appellee, cited: 2 Wait's Acts. and Def., 63, 445; Hays *v.* Railway Company, 46 Tex., 273; Railway Company *v.* Casey, 52 Tex., 124; Frink *v.* Coe, 61 Am. Dec., 141, and note; 43 Am. Dec., 346, and note; Insurance Company *v.* Jefferson Ice Co., 64 Tex., 579.

ROBERTSON, ASSOCIATE JUSTICE.—It was held by this court in Ezell *v.* Dodson, 60 Tex., 331., that for personal injuries done to the wife the damages would be community property, and, generally, properly recoverable only at the suit of the husband. The elements of damage in such cases have been repeatedly stated in former decisions, and mental suffering has never been excluded from the list. The charge of the court on this branch of the case was entirely unexceptionable

Mrs. Bowie was a passenger in appellant's stage for hire, and appellant owed her the degree of care due by a common carrier of passengers. The court instructed the jury that it was the duty of the carrier to employ a competent driver, and of the driver to use the "utmost care" for the safety of the passengers. The jury was not instructed that the negligence of the driver was that of his master. This omission could only have prejudiced appellee. The charge properly stated the degree of care exacted by the law of carriers of passengers. Thompson on Carriers, 200 ; Hutchins on Carriers, sec. 501 ; Shear. & Redf. on Neg., sec. 266. That degree is generally described by the authorities as "the utmost," and the use of this expression in the charge was not objectionable. If it needed explanation or qualification, appellant should have requested a special charge.

There was no lack of evidence to sustain the verdict. The horses were left practically free to run away, if they had that disposition. Any reasonable caution would have prevented the injury.

The judgment must be affirmed.

AFFIRMED.

[Opinion delivered May 18, 1886.]