ST. LOUIS, I. M. & S. R'Y CO. v. HENDERSON EDWARDS.

(No. 2604.)

APPEAL from Bowie County.    Opinion by WILLSON, J.

TODD & HUDGINS, counsel for appellant.

VAUGHAN & LEARY, counsel for appellee.

§ 346. *Res adjudicata; rules as to; case stated.*    Appellee brought this suit to recover damages for personal injuries sustained by his wife, at the same time and place and under the same circumstances mentioned in cause No. 2617 [*ante*, § 342], which was a suit for damages for personal injuries sustained by himself.    In this suit he recovered a judgment for $1,000 and costs.    At the time of the trial of this suit the judgment in the other cause had been rendered and entered, and appellant pleaded said judgment in bar of a recovery in this suit. The trial court instructed the jury to find against said plea.    *Held:* It is well settled that for personal injuries to the wife the damages recovered are community property, and, generally, are only recoverable at the suit of the husband.    [Gallagher v. Bowie, 66 Tex. 265; Ezell v. Dodson, 60 Tex. 331; Nickerson v. Nickerson, 65 Tex. 281.]    It is clear, therefore, that appellee might have embraced in his other suit the claim which is involved in this suit.    But he was not compelled to do so.    He had his election to bring separate suits or a single suit.    The rule is, that where claims constitute a single cause of action, though arising on different transactions, or at different periods, as, for instance, a running account, or successive instalments of rent actually accrued, a judgment for a part bars another action for the rest; but if they are such that, although they might be joined, they must be separately stated as separate causes of action, even though they arose at the same time, or on the same contract, a judgment on one does not bar an action on

the other, unless by establishing some matter fatal to both.   [1 App. C. C. § 807; 2 App. C. C. § 521.]   In this case the plea of *res adjudicata* is not applicable.   Appellee's causes of action were separate and distinct, though arising at the same time and resulting from the same negligence.   He could not sue thereon jointly without stating them separately, and in some particulars the evidence to sustain them would not be the same.   If the suits had been in a court having jurisdiction of the aggregate amount of damages claimed in both, they might properly have been consolidated by order of the court; but the aggregate amount of the damages claimed not being within the jurisdiction of the court, the suits could not properly be consolidated.   [2 App. C. C. § 323.]

November 9, 1887.                              Affirmed.