Opinion delivered July 1, 1888.

No. 6223.

J. P. LOPER v. WESTERN UNION TELEGRAPH COMPANY.

1. TELEGRAPH COMPANY.—Though a telegraphic message is neither prepared, delivered nor paid for in person by the one for whose benefit it is sent, yet if it be prepared, delivered and paid for by others acting for him at his special request, the contract is complete and the telegraph company having knowledge of its urgency and importance is liable in damages for negligence in its transmission and delivery.

2. SAME—PARTIES.—When from the negligent failure to transmit and deliver such a message prepared and sent at the instance of a mother who desired information regarding the condition of an absent son, the relationship being known to the messenger, she was deprived of knowledge of his death until too late to have the consolation of attending his burial, an action for damages will lie, which may be maintained by the husband alone.

3. CASES ADHERED TO.—Ezell v. Dodson, 60 Texas, 331, and Gallagher v. Bowie, 66 Texas, 265, adhered to.

3. SAME.—The message from the son was as follows: "I am very sick; come immediately." *Held:* The agent of the company who received the message, knowing that the relationship of mother and son existed between the parties, was charged from the words of the message with knowledge of its importance and of the anguish which would result from its non delivery, if thereby in the event of the son's death his mother should be deprived of the consolation of seeing him in his last sickness, or of being present at his burial.

4. SAME.—When from the negligent failure of the telegraph company to deliver such a message, the mother was unable to go on the first railway train, which would have transported her in time, and was compelled to go on a later train, which would also have conveyed her in time but for the fault of the railway company, such fault can furnish no defense when such negligence of the telegraph company is shown. In such an action for damages the death and burial should be distinctly averred.

ERROR from Eastland. Tried below before the Hon. T. B. Wheeler.

*Davenport & Truly,* for plaintiff in error, cited Stuart v. Western Union Telegraph Company, 66 Texas, 580; McKinley v. Railroad, 44 Iowa, 344; Railroad v. Flagg, 43 Illinois, 364; Craker v. Railroad, 36 Wisconsin, 657; Ransom v. Railroad, 15 New York, 415; Sherly v. Billings, 6 Bushnell, 147; Paine v. Railroad, 45 Iowa, 569; 53 New York, 25; See Coleridge, J., in Blake v. Railroad, 18 Queen's Bench, 93; 21 L. J., Queen's Bench, 233; 16 Jur., 562; 10 English Law and Equity, 437; Camming v. Williamstown, 1 Cush., 451.

*Stemmons & Field,* for defendant in error: 1. Plaintiff in error's wife was the addressee of the message. He can not recover in tort for injury to feelings of his wife.

2. If Truly was acting as the agent of plaintiff in error's wife he failed to communicate that fact to defendant in error.

3. The injury to the feelings of Mrs. S. J. Loper was not in

---

---

contemplation of defendant at the time it accepted the transmission.

4. A message announcing the sickness of a party would not cause defendant to contemplate the death of that party and the injury of the feelings of another party caused by said death and her inability to be present at said burial.

5. Plaintiff in error does not stand in such a relation to defendant in error that he can recover damages for injury to the feelings of his wife.

6. Plaintiff in error's wife could have been at the burial of her son, except for the fault of the railroad. (Railroad v. J. T. Levy, Law Rev., April 21, 1885, p. 235; Railroad v. Levy, 59 Texas, 542, 563; Johnson v. Wells, Fargo & Co., 6 Nev., 224; Wood's Mayne on Damages, 74, note; Conway v. Williamston, 1 Cush., 452; Lynch v. Knight, 9 H. L., 577; 2 Greenl. on Ev., sec. 267, note 1; 2 Thomp. on Neg., 1258; Black v. Carrington, 10 La. Ann., 33; Whart. on Neg., sec., 756; 2 Kent's Com., 195, Sedg. on Dam., 7 ed., p. 29, note A; Wilson v. Young, 31 Wis., 574; Walsh v. Railway, 42 Wis., 23; Jack v. Dunkard, 85 Ill., 331; Astell v. Telegraph Co., 79 Iowa; Flemington v. Smither, 2 C. & P., 292; Shearman & Redfield on Neg., sec. 557, 608; Logan v. Telegraph Co., 84 Illinois, 468; Boon v. Town of Danville, 59 Vt., 190; Bigelow's Leading Cases on Torts, sec. 19; Russell v. Telegraph Company, Sup. Court of Dakota, 18 The Reporter, 206; Field on Dam., sec. 630; 3 Suth. on Dam., 715; 24 Am. Rep., 377; 36 Id., 303.)

GAINES, ASSOCIATE JUSTICE. This is a writ of error to a judgment sustaining a general demurrer to plaintiff's petition. The main issuable facts in the case as shown by the allegations in the petition, are that Mrs. S. J. Loper is the wife of the plaintiff, that M. A. Truly was her son, and that on the second of October, 1882, he was lying dangerously ill at the town of Mineral Wells, in Palo Pinto county; that plaintiff and his wife then resided at Whitesboro, in Grayson county; that on the day above named, in obedience to a special request of Mrs. S. J. Loper, theretofore of him made and for her special information and guidance, the said M. A. Truly, assisted by others, to wit, Doctor Fowler, D. W. Stayton, Thomas Johnson and others to the same end acting, prepared for transmission and delivery by defendant a message in writing of great importance and urgency to said S. J. Loper, substantially as follows, to wit:

Mineral Wells, October 2, 1882.

*To Mrs. S. J. Loper, Whitesboro, Texas:*

Come immediately.   I am very sick.

M. A. Truly.

That the message was delivered to the agent of defendant at Mineral Wells at 4 p. m. on the day of its date and was paid for; that the agent was informed of the relationship between the sender of the message and the person to whom it was addressed; that on the second of October plaintiff and his wife were at their residence in Whitesboro, which was within six hundred yards of the office of defendant at that place; that this was well known to the defendant's agent at that point; that the message could have been delivered within half an hour from the time of its receipt by the company's agent at Mineral Wells; that if it had been so delivered Mrs. Loper would have gone to her son, and by the usual course of travel would have reached him by 2 p. m. the next day, and that at all events she could have reached Millsap (an intermediate point on her route) about midnight on October 3, and would there have met the funeral cortege with the dead body of her son. It is further alleged, that by reason of the negligence of defendant the dispatch was not delivered until after six o'clock on the evening of the day last named; that she took the next train going towards her destination and did not arrive at Millsap until the evening of October 4, "when she learned that her son was dead and had been carried to Eastland for burial, and that he had died at Mineral Wells about noon on the previous day." It is also averred that she telegraphed to Eastland to delay the burial and immediately proceeded to that point but failed to arrive until after the body had been interred. The petition also contains very full allegations as to the business of the company, the means of travel between Whitesboro and Mineral Wells, as to the hardship and inconvenience suffered by Mrs. Loper in being compelled to travel on a freight train during a part of the way in order to expedite her journey, and as to her mental sufferings caused by being deprived of the privilege of being with her son in his last moments and of attending the burial of his body. Both actual and exemplary damages are claimed. The elements of actual damages alleged are cost of telegram, expenses of travel, impairment of health from hardships of travel, and mental suffering.

Upon what ground the court sustained the demurrer to the petition the record does not disclose. We are of the opinion that the facts alleged in the petition bring the case substantially within the rules announced by this court in the case of Stuart v. Western Union Telegraph Company, 66 Texas, 580. The allegations first quoted above show that the parties who sent and paid for the message acted at the instance and request of plaintiff's wife and for her use and benefit. This shows a contract on her part with the company. They also show that the relationship between the sender and the addressee was made known to the messenger, and that he was informed that the message was urgent and important; that there was a negligent failure to deliver it promptly, and that by reason of this she was deprived of the consolation, at least, of attending the burial of her son, and that in consequence she suffered great mental distress. The Stuart case was very carefully considered, and the previous decisions of the court were fully reviewed. The opinion therein delivered must be held the law of this court upon the questions there decided. It follows that the ruling of the court below can not be sustained unless we should hold that plaintiff can not recover for the damages which have resulted to the wife. It is held that damages accruing from a personal injury to the wife are community property (Ezell v. Dodson, 60 Texas, 331), and that for the mental suffering of the wife as an element of such damages, a recovery may be had at the suit of the husband. (Gallagher v. Bowie, 66 Texas, 265.)

Appellee insists that the petition does not show that the damages which are sought to be recovered were contemplated by the parties at the time the message was received by the defendant's agent. But we think otherwise. It is alleged that agent was informed that the addressee and the sender of the dispatch were mother and son. The summons itself was urgent, and the face of the dispatch showed that the sender was very sick. The agent might reasonably have anticipated that the son's life was in danger, and that, if the message was not delivered, the mother would suffer distress by being deprived of the consolation of seeing him in his last sickness and of attending his burial. The message differs from that in the case of Stuart v. Western Union Telegraph Company, supra, in form but not in substance.

It is also insisted that it appears from the petition that the

plaintiff's wife could have been at her son's burial but for the fault of the railroad, and that therefore the petition is insufficient. To this it must be answered that we think it is affirmatively shown that, if the message had been promptly delivered, the wife would have arrived before the burial; so that any subsequent default on the part of the railroad company in failing to make connections, on the trip actually made, would not affect the case.

The allegations in regard to the death and burial of the son are probably insufficient, if a special exception had been interposed. They are quoted in the statement which is set forth in the opinion. The facts of the death and burial should have been directly averred. We think, however, the reasonable intendment, from the averments, is that he died about noon on the third of October, and had been buried when his mother arrived at Millsap. We therefore conclude that these allegations are sufficient on general demurrer. (Burks v. Watson, 48 Texas, 117.)

Because of the error of the court in sustaining the demurrer to the petition, the judgment is reversed and the cause remanded.

*Reversed and remanded.*