[3] In the light of the testimony we do not think the court erred in overruling the motion for a continuance, nor the application for a change of venue; nor do we think any other errors were committed in the trial other than the two above mentioned, and we concur in the reversal solely on that ground, and do not concur in the remainder of the opinion.

---

## MISSOURI, K. & T. RY. CO. OF TEXAS v. BEASLEY et al.

(Supreme Court of Texas. Nov. 5, 1913.)

On motion for rehearing. Denied.

For former opinion, see 155 S. W. 183.

HAWKINS, J. The members of this court are unanimous in overruling the motion of appellee Beasley for a rehearing. We all adhere to our former conclusion that the charge to the jury in this case upon the measure of damages "would permit, but does not require, the jury to give double compensation for lost time." 155 S. W. 183. My Brethren do not desire to say anything further in the premises.

However, the importance of the question involved, the frequency of its recurrence in the courts, and the status of the decisions in this state upon the point impel me to say this in agreeing to the above-mentioned action upon said motion:

1. This case comes to us upon certified questions from a Court of Civil Appeals, and not upon an application for a writ of error. Consequently the ultimate question as to the effect of the charge upon the measure of damages is not now before us, and must be relegated to the Court of Civil Appeals.

2. I think that under the decisions of several Courts of Civil Appeals and of this court, bearing upon the point involved, that question, as it is applicable to the facts and circumstances of this case, is, perhaps, an open one in this state. The transcript shows that no special charge relating to double damages, or to the measure of damages, was requested by appellant.