

# THE ATTORNEY GENERAL
## OF TEXAS

**Gerald C. Mann**

AUSTIN 11, TEXAS

~~KXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. W. A. Davis
State Registrar
Texas State Board of Health
Austin, Texas

Dear Mr. Davis:

Opinion No. O-3525
Re: Whether or not an illegitimate child born to a divorced mother takes the surname of her divorced husband or her maiden name?

We beg to acknowledge receipt of your letter of June 4, 1941, as follows, to-wit:

"Will you please advise me as to the legal name of an illegitimate child born to a divorced mother, who retained the name of her former husband? Should such a child take the surname of her divorced husband, or her maiden name before she married?"

As a relic of the Common Law of marriage, the wife, upon her marriage, takes the name of her husband. This is the legitimate fruit of the Common Law conception, that upon marriage the identity of the wife as a juristic person was merged in that of her husband.

There is no statute of Texas touching the question, but it has been decided by the Supreme Court that the rule of the Common Law, in the absence of a statute, governs the matter.

"Upon marriage the law confers upon the wife the name of her husband, and this continues to be her lawful name till changed by a subsequent marriage, or by the decree of a competent court as on final disposition of the divorce proceeding where such change of name is specially prayed for, -- a relic of the Common Law fiction of unity. While there is nothing in our statute compelling the wife to take or assume the name of her husband, yet by operation of law her husband's surname becomes her's upon marriage. It has been held that she is not bound by a judgment in a suit against her in her name, as where she is cited therein by publication. In such case she is not a party to the suit." -- Speer's Law of Marital Rights (3d Ed.) p. 28, ¶ 26.

The text quoted cites Murphy v. Coffey, 33 Tex. 508, and Freeman v. Hawkins, 77 Tex. 1498.

The case of Barkley v. Dunke, 87 S.W. 1147, by our Supreme Court illustrates the effect of marriage upon the status of the wife in this, that there had been a void marriage because the husband had a living wife, nevertheless the court held that the marriage had the statutory effect to emancipate the woman from the disability of infancy, which status began with and abided beyond the marriage status. There had been a dissolution of the attempted marriage in that case. See Speer's Law of Marital Rights (3d Ed.) page 27, ¶ 25.

From these authorities it follows that your question should be answered to the effect that in the case you put the illegitimate child takes the name of its mother, which, of course, in the case you state is the same as that of her divorced husband.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
Ocie Speer, Assistant

APPROVED JUN 11, 1941

FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

OS:MR:wb