TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Petitioner,

v.

Arthur R. CHAPPELL, Respondent.

No. B–3772.

Supreme Court of Texas.

April 4, 1973.

Rehearing Denied May 16, 1973.

Dyer, Redford, Burnett, Wary, Woolsey & Dunham, James W. Wray, Jr. and B. Mills Latham, Corpus Christi, for petitioner.

Edwards & DeAnda, William R. Edwards and Philip Kent Maxwell, Corpus Christi, for respondent.

PER CURIAM.

Respondent's motion for rehearing is granted. Our former per curiam opinion in this cause, dated April 4, 1973, is withdrawn, our judgment of same date is set aside, and the following is substituted therefor.

The plaintiff, Arthur Chappell, has obtained a judgment against defendant, Texas Employers' Insurance Association (TEIA), for $3,726.75 which was stipulated to be the amount of medical expenses incurred by plaintiff following his injury in June 1969. That judgment also awarded plaintiff further relief in particulars not necessary to mention. The court of civil appeals affirmed. 486 S.W.2d 818.

A complete statement of the facts of this case may be found in the opinion of the court of civil appeals. The jury found that $3,726.75 was the cost of "medical services reasonably required . . . for the cure or relief of the effects naturally

**160**

resulting from [Chappell's] injury of November 29, 1962, and not heretofore paid by Texas Employers Insurance Company."

TEIA contends that it is not liable for any part of those medical expenses because plaintiff has not proven, as he must under Vernon's Tex.Rev.Civ.Stat.Ann. art. 8306, § 7, that the carrier was given notice of the need for treatment and then refused to furnish it. There is conclusive proof that reasonable expenses were incurred as a result of necessary medical treatments, and there is conclusive proof that TEIA was notified and then refused to pay, but the proof fails to establish the amount incurred *after* TEIA was notified. Chappell was allowed to recover for all expenses, both before and after TEIA was notified on November 6, 1969. The court of civil appeals held, in effect, that notice of need for medical attention was unnecessary in view of the fact that TEIA had notice of the 1962 injury, which is all the statute requires. The court of civil appeals relied on three cases: Standard Fire Insurance Company v. Simon, 474 S.W.2d 530 (Tex. Civ.App.—Dallas 1971, no writ); Texas Employers' Insurance Ass'n v. Steadman, 415 S.W.2d 211 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.); Trinity Universal Insurance Company v. Farley, 408 S.W.2d 776 (Tex.Civ.App.—Tyler 1966, no writ).

■ The rule of those cases is that when a claimant has notified the carrier of an injury, the carrier has the duty to move to furnish whatever aid is necessary as a consequence of that injury and the claimant need not make a special request for each item of expense. We regard those cases as sound on their facts, but the rule is not applicable when the injury and the need for treatment are separated by six years, years in which no continuing need for treatment is made known and the claimant has gone back to work.

■ We believe that the decision of the court of civil appeals is in such conflict with our opinion in Few v. Charter Oak Fire Insurance Company, 463 S.W.2d 424 (Tex.1971), as requires granting the writ and reversing without hearing argument in the cause. Rule 483, Texas Rules of Civil Procedure. In *Few*, the carrier had provided claimant with a doctor; claimant changed doctors without giving notice to the carrier; *held*, claimant may not recover the expense of treatments by the doctor of her choice. *Few* makes plain what the statute makes plain; that is, that the carrier has the right to furnish medical aid by doctors and clinics of its own choosing. Manifestly, before November 6, 1969, TEIA was not given the opportunity to furnish medical aid because it had no notice of a need for medical aid. There can be no failure or refusal, within the meaning of the statute, unless there is notice of need.

The civil appeals cases cited above are in no way contrary to our holding here. In all of those cases the notice of injury was, in substance, a notice of need for medical attention because the need was a natural and immediate consequence of the injury. That is not the case here.

The application for writ of error is granted and, without hearing argument, respondent's claim for $3,726.75 in medical expenses is severed, and as to this severed part of the cause the judgments of the courts below are reversed; such claim for medical expenses is remanded to the trial court for a determination of the medical expenses incurred after TEIA was notified on November 6, 1969. Chappell will be entitled to judgment for that amount only. As to the remaining part of the cause the judgments of the courts below are affirmed. Rule 483, Texas Rules of Civil Procedure.

Petitioner's motion for rehearing is overruled.