

# The Attorney General of Texas

June 8, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Kerry Knorpp
County Attorney
Room 303, Potter County Courthouse
Amarillo, Texas 79101

Opinion No. H- 1179

Re: Advertising of delinquent tax sales.

Dear Mr. Knorpp:

You ask, in view of article 7276, V.T.C.S., if property to be sold for delinquent taxes at a sheriff's sale need be advertised by publication in a newspaper where the lowest advertising rate obtainable is more than two cents per word for the first insertion and one cent per word for each subsequent insertion.

In pertinent part, article 7276 reads:

> In making sales of real property for taxes, the Collector shall advertise the same for sale in some newspaper ... for three successive weeks ... ; and the publisher of such newspaper shall receive as compensation the legal rate of Two (2) Cents per word for the first insertion of such publication and One Cent per word for each subsequent insertion or such newspaper shall be entitled to charge for such publication at a rate equal to but not in excess of the lowest published word or line rate of that newspaper for classified advertising, and such fee shall be taxed as other costs of sale against such land .... If there be no newspaper published in the county, or, there being a newspaper published in the county and the publisher thereof refuses to publish the advertisement at the price herein fixed, then the advertisement shall be made by posting the same for thirty (30) days previous to the day of sale, at the courthouse door and three other public places in the county ....

(Emphasis added).

You suggest that article 7276 is ambiguous and should be read to harmonize with rule 117a of the Rules of Civil Procedure promulgated by the Texas Supreme Court. Rule 117a concerns, among other things, the publication of citations in tax suits when the whereabouts of the defendant is unknown; in pertinent part it reads:

> The citation shall be published . . . in some newspaper published in the county in which the property is located . . . . A maximum fee of two cents per word for the first insertion and one cent per word for the second insertion may be taxed for publishing the citation, but in no event shall the fee exceed the published word or line rate of that newspaper for like classes of advertising. If the publication of the citation cannot be had for this fee, chargeable as costs and payable upon sale of the property, as provided by law, and this fact is supported by the affidavit of the attorney for the plaintiff or the attorney requesting the issuance of the process, then service of the citation may be made by posting a copy at the courthouse door . . . .

We need not determine whether article 7276 is ambiguous or in disharmony with Rule 117a, for both the statute and the rule have been impliedly repealed to the extent they conflict with article 29, V.T.C.S., which reads:

> Wherever any publication . . . is authorized or required by any law, general or special, to be inserted in a newspaper, the legal rate which such newspaper shall charge for such publication shall be the lowest published rate of that newspaper for classified advertising.
>
> . . . .
>
> This Act shall apply to all publications required by law, and it is specially provided that this Act shall apply to all citations or notices which are required to be published or may be published in delinquent tax suits and to notices of sale of real estate under execution, order of sale, or any other judicial sale provided for in Articles 3808, 4203, 7276, and 7342 of the Revised Civil Statutes of Texas, 1925.

(Emphasis added).

Article 7276, V.T.C.S., was enacted in 1881 and last amended in 1941. Rule 117a was promulgated in 1947 and amended in 1950. Thereafter, article 29 was amended in 1961 to read as set out above.

Not only does article 29, as amended in 1961, expressly refer to article 7276, but the bill which amended article 29 contained the following language:

All laws or parts of laws in conflict with the provisions of this Act are hereby repealed to the extent of such conflict.

See Acts 1961, 57th Leg., ch. 278, at 586. This language also effectively repealed inconsistent language in Rule 117a.

The Rules of Civil Procedure are promulgated by the Supreme Court pursuant to authority found in article 5, section 25 of the Texas Constitution, and article 1731a, V.T.C.S. The power of the Supreme Court to promulgate rules is a limited power; and when a rule of the court conflicts with a legislative enactment, the rule must yield. Few v. Charter Oak Fire Insurance Co., 463 S.W.2d 424 (Tex. 1971).

As modified by article 29, article 7276 requires the advertising of tax sales in a newspaper unless there is no newspaper in the county where the land is sold, or unless publishers of newspapers therein refuse to publish the advertisement at the lowest published rate of their newspapers for classified advertising. See V.T.C.S. art. 29a.

## SUMMARY

Tax sales should be advertised in a newspaper unless there is no newspaper in the county where the land is to be sold, or unless publishers of newspapers therein refuse to publish the advertisement at the lowest published rate of their newspapers for classified advertising.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn