

# The Attorney General of Texas

August 10, 1983

MATTOX
Attorney General

Supreme Court Building
Box 12548
Austin, TX. 78711- 2548
475-2501
x 910/874-1367
copier 512/475-0266

Main St., Suite 1400
Dallas, TX. 75201-4709
742-8944

Alberta Ave., Suite 160
El Paso, TX. 79905-2793
533-

Dallas Ave., Suite 202
Houston, TX. 77002-6986
650-0666

Broadway, Suite 312
Lubbock, TX. 79401-3479
747-5238

N. Tenth, Suite B
McAllen, TX. 78501-1685
682-4547

Main Plaza, Suite 400
San Antonio, TX. 78205-2797
225-4191

Equal Opportunity/
Affirmative Action Employer

Honorable Sam D. Millsap, Jr.
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas    78205

Opinion No. JM-56

Re:  Constitutionality of Rule 747a, Texas Rules of Civil Procedure

Dear Mr. Millsap:

You have requested our opinion regarding the constitutionality of a rule promulgated by the Texas Supreme Court, which, in essence, authorizes the practice of law in a justice court by persons not licensed to practice.  The court has promulgated Rule 747a, which provides in full as follows:

> In forcible entry and detainer cases for non-payment of rent or holding over beyond the rental term, the parties may represent themselves or be represented by their authorized agents in justice court.

This rule was adopted in 1982.

Article V, section 25 of the Texas Constitution provides that:

> The Supreme Court shall have power to make and establish rules of procedure not inconsistent with the laws of the State for the government of said court and the other courts of this State to expedite the dispatch of business therein.

The statutory corollary of section 25 is found in article 1731a, V.T.C.S., which gives the Texas Supreme Court "full rulemaking power in the practice and procedure in civil actions."

The State Bar Act, article 320a-1, V.T.C.S., prohibits persons who are not members of the State Bar of Texas from practicing law, which is defined in part as:

> [T]he management of the actions and proceedings on behalf of clients before judges in courts.

Article 320a-1, section 19, V.T.C.S.

A forcible entry and detainer suit is a landlord tenant action filed in the justice court. Under the State Bar Act, the only persons authorized as "agents" for parties in such suits are licensed attorneys. See Tex. Rules of Civil Proc. 738-755; arts. 3973-3994, V.T.C.S. To the extent that rule 747a purports to authorize the practice of law by unlicensed persons, we believe that it would be held unconstitutional. Where a rule of the Supreme Court conflicts with a statute, the rule must yield. Few v. Charter Oak Fire Insurance Company, 463 S.W.2d 424 (Tex. 1971) (rule held invalid in workers compensation action). In our opinion, therefore, "authorized agents" as used in Rule 747a should be construed to mean "attorney agents." See Attorney General Opinions MW-392, MW-312 (1981) (corporation must be represented by attorney in appeal to county court at law in small claims court); MW-235 (1980) (apartment manager may file complaint in FED action but may not represent owner at hearing); note, 8 Houston Law Review 302, 317 (1970); but see Attorney General Opinions H-974 (1977) (non-attorney may represent party at state administrative hearing); H-538 (1975) (non-attorney may represent corporation in small claims court). We emphasize, however, that Rule 747a permits a party to represent himself in a forcible entry and detainer action.

## S U M M A R Y

To the extent that Rule 747a, Texas Rules of Civil Procedure authorizes the practice of law by non-attorneys, it is invalid. Accordingly, "authorized agents" as used in that rule should be construed to mean "attorney agents."

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton